**95 So.2d 496**

**STATE of Louisiana**

v.

**Louis HARRIS and Rufus Chalk.**

No. 43395.

May 6, 1957.

G. Wray Gill, Gilbert Bernstein, New Orleans, for defendants-appellants.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Milton E. Brener and Louis Fenner Claiborne, Asst. Dist. Attys., New Orleans, for appellee.

PONDER, Justice.

The defendant, Rufus Chalk, is appealing from a conviction and sentence imposed upon him to serve five years and one month in the penitentiary for the possession of a hypodermic needle. He is relying on seven bills of exception for the reversal of the conviction and sentence.

Bills of Exception Nos. 1, 2, 3, and 5 were taken to the opening statement of the district attorney and the evidence produced thereunder tending to show that the defendant was a drug addict in that he had recently taken a narcotic drug by way of a hypodermic needle. The defendant contends that the opening statement of the district attorney and the evidence offered thereunder were prejudicial to him because it was proof that he was a drug addict, a crime other than that with which he was charged, viz., possession of a hypodermic needle.

■■ The evidence is clearly admissible to establish guilty knowledge. Evidence of the commission of similar and separate crimes related to and connected with the crime charged is admissible to show guilty knowledge. LSA–R.S. 15:445, 15:446; State v. Johnson, 228 La. 317, 82 So.2d 24; State v. Reinhardt, 229 La. 673, 86 So.2d 530. In the Reinhardt case we quoted the following from the case of State v. Montgomery, 170 La. 203, 127 So. 601, 602: "But, whenever the evidence of the commission of another crime, other than the crime for which the defendant is on trial, is relevant to the question of his guilt or innocence of the crime charged, the evidence of the commission of the other crime should not be excluded merely because of its prejudicial effect." [229 La. 673, 86 So.2d 531.]

■ Bill of Exception No. 4 was taken to the following question propounded to a state officer, "How do you know it was fresh?"—the witness answering to the effect that the defendant admitted it. This question and answer followed an interrogation of the witness relating to a puncture on the arm of defendant and a fresh spot of blood on the arm of defendant's sport shirt. The defendant contends that it was the introduction of a confession

without having first laid the foundation. This was not a confession of possession of a hypodermic needle. Moreover, the state cannot be held responsible for an answer that is not responsive to the question. State v. Simpson, 216 La. 212, 43 So.2d 585; State v. Labat, 226 La. 201, 75 So.2d 333.

■ Bill of Exception No. 10 is based on the ground that one of the witnesses to the defendant's confession was not called by the state to prove its free and voluntary character. The defendant takes the position that it is incumbent upon the state to call all of the witnesses who were present at the time the confession was made. It appears from the evidence that the state produced seven witnesses who testified that the confession was free and voluntarily made and the defendant does not allege any duress, violence, threats, or intimidation. He simply denied making the confession. In view of these circumstances, it was not necessary for the state to call all of the witnesses to the confession, especially so when the question of its free and voluntary nature is not disputed. State v. Honeycutt, 216 La. 610, 44 So.2d 313; State v. Chinn, 229 La. 984, 87 So.2d 315.

For the reasons assigned, the conviction and sentence are affirmed.

SIMON, J., concurs in the decree.