TATE, Justice.
 

 The defendant was convicted of possession of a narcotic drug, heroin, and sentenced to six years in the state penitentiary. His appeal relies solely upon' the single bill of exception perfected.
 

 The basis for this bill is the trial court’s overruling the defendant’s objection to evidence of “track marks” found on the defendant’s arms after his arrest. The evi-' dence shows that a track mark is the physical mark left upon the body after heroin is injected into the vein repeatedly (after about ten injections) in the same area.
 

 In this case, a police officer examined the defendant after he was arrested for possession of a substance later identified as heroin, which he had allegedly thrown to the floor prior to his arrest. The officer found tracks in the crook of the defendant’s right arm. Two scabs were within the track, one less than 24 hours old, and one between 24 and 72 hours old. The officer also found old tracks on the left arm, with no recent scar tissue.
 

 ■ The defendant forcefrtlly contends that such evidence before a jury creates an almost unrebuttable presumption of the accused’s guilt and thus deprives him of a fair and impartial trial on the issue then before the jury: Whether the defendant had possessed the substance retrieved from the floor, and whether he had known it was heroin.
 

 The Louisiana jurisprudence has firmly established the principle that guilty knowledge is an essential ingredient of the crime of'possession of narcotic drugs, i. e., the knowing and'intentional possession of a drug subjecting the possessor to criminal liability. State v. Kreller, 255 La. 982, 233 So.2d 906 (1970), and many decisions cited therein, syllabus 1. Thus, the state must not only prove that the accused possessed the substance identified as a narcotic drug; it must also prove by direct or circumstantial evidence that the accused knew the substance he possessed was a narcotic drug.
 

 Since guilty knowledge is an essential element, the state is entitled to prove such intentional possession of narcotics by proof of possession on other occasions than that with which charged. State v. Kreller, 255 La. 982, 233 So.2d 906 (1970). For, with limitations not here applicable, intent may be proved by evidence of similar acts independent of the act charged, since the fact of intent may be inferred from the
 
 *899
 
 circumstances of the incident. La.R.S. 15:445.
 

 Similarly, since track marks may show prior knowing possession, evidence of them is admissible in a prosecution for possession of heroin. State v. Oliver, 247 La. 729, 174 So.2d 509 (1965). While not evidence that the accused
 
 possessed
 
 this heroin on this occasion, evidence of track marks is relevant as tending to prove that the accused
 
 knew
 
 that such substance (if possessed) was heroin, an essential element of the proof required for conviction.
 

 We accordingly affirm the conviction and sentence appealed from.
 

 Affirmed.