329 So.2d 704 (1976)
STATE of Louisiana
v.
John H. THOMAS.
No. 57230.
Supreme Court of Louisiana.
March 29, 1976.
*705 Walter C. Dumas, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Richard E. Chaffin, James E. Boren, Asst. Dist. Attys., for plaintiff-appellee.
DIXON, Justice.
The defendant, John H. Thomas, was charged by bill of information dated February 19, 1974 with the crime of possession of heroin, in violation of R.S. 40:966(C). He was convicted in a jury trial on August 21, 1974 and subsequently sentenced to four years imprisonment without benefit of probation or suspension of sentence. On appeal defendant relies on five assignments of errors.[1]

Assignments of Errors Nos. 1 and 8
The defendant filed a motion to suppress certain evidence seized from his residence pursuant to a search warrant. To the trial judge's denial of the motion to suppress the evidence, defendant assigns these errors.[2]
The defendant first contends that the search warrant in this case does not contain probable cause for its issuance because it does not properly describe the place to be searched. Secondly, the defendant asserts that the search was conducted in an unreasonable manner.
Article 162 of the Code of Criminal Procedure states:
"A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.
"A search warrant shall particularly describe the person or place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search or seizure."
The affidavit must recite facts establishing to the satisfaction of the judge that probable cause exists for the issuance of the search warrant. State v. Paciera, 290 So.2d 681 (La.1974). The factual information which is the foundation for the determination of probable cause must be contained in the affidavit. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Mere suspicion or belief is not sufficient to establish probable *706 cause. State v. Wells, 253 La. 923, 221 So.2d 50 (1969).
With these principles in mind, the recitals of the affidavit which served as the basis of the application for the search warrant and its subsequent issuance must be examined. The affidavit states:
"That probable cause does exist for the issuance of a search warrant authorizing the search of a residence occupied by Johnny Thomas located at 922 East Polk Street, Baton Rouge, Louisiana, where a quantity of controlled dangerous substances, to wit: heroin is (are) believed to be secreted or concealed, and such probable cause is based upon the following: Affiant informs the Court that on this date a reliable and confidential informant who has been working under the direct supervision of affiant for the past six (6) months and whose information has led to the arrest of at least ten (10) persons contacted affiant and advised affiant that on or about January 2, 1974, he, being said informant had entered the above residence and observed a quantity of heroin to be present inside the above residence. Affiant further informs the Court that the above mentioned reliable and confidential informant has seen Johnny Thomas, alias "Little Johnny", sell small packages of white powder preported (sic) to be heroin. Said informant having observed these sales during the past one (1) month."
The defendant's argument that the affidavit fails to state sufficient facts to satisfy the probable cause requirement because it does not properly describe the place to be searched is without merit. The affidavit describes the place to be searched as "a residence occupied by Johnny Thomas located at 922 East Polk Street, Baton Rouge, Louisiana." This residence, at this address, is in fact the residence of the defendant. The fact that the affidavit identifies the defendant as Johnny Thomas, while his proper name is John H. Thomas, IV, is of no moment; there is no sacramental requirement that the defendant be identified by his full and correct name.
Defendant further contends, even if the warrant is sufficient, the search itself was conducted in an unreasonable manner. We cannot agree.
The entry to the defendant's residence was a "no knock" entry. The officer who conducted the search testified that there was no knock or summons given at the time the door was forcibly opened. Instead, he testified, he kicked the door just above the latch and knocked it open, and then shouted that he was from the sheriff's office and had a warrant.
C.Cr.P. 164 provides:
"In order to execute a search warrant a peace officer may use such means and force as are authorized for arrest by Title V."
C.Cr.P. 224 provides:
"In order to make an arrest, a peace officer, who has announced his authority and purpose, may break open an outer or inner door or window of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, where the person to be arrested is or is reasonably believed to be, if he is refused or otherwise obstructed from admittance. The peace officer need not announce his authority and purpose when to do so would imperil the arrest."
The officer justified his "no knock" entry on two grounds: (1) he was prepared to seize heroin, which can quickly and easily be destroyed and (2) he had information from a confidential informant that each time the informant had spoken with the defendant the defendant had been armed with a .357 magnum Luger pistol.
All the circumstances must be examined to determine if the force used in execution of the warrant was unreasonable. State v. Thorson, 302 So.2d 578 (La.1974).
*707 In State v. Christiana, 249 La. 247, 186 So.2d 580 (1966), cert. den. 385 U.S. 835, 87 S.Ct. 77, 17 L.Ed.2d 68 (1966), this court held that an officer need not announce his intended entry if he reasonably believes that doing so would place him in a position of great peril. See C.Cr.P. 224, comment (f).
In the instant case, the officer had a reasonable belief that the defendant, if present inside the residence, would be armed, and that the evidence sought could quickly and easily be disposed of. These circumstances might have imperiled the arrest if the entry had not been unannounced and forcible. See Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).
These assignments have no merit.

Assignments of Errors Nos. 2, 4 and 5
During the course of the trial, the defendant objected to testimony concerning (1) the apparatus used by heroin addicts; (2) the identification by an officer of puncture marks on the defendant's arm; and (3) that the defendant might be armed when the search was to be executed. The defendant contends that this testimony was irrelevant and prejudicial. We cannot agree.
Guilty knowledge is an essential element of the crime of possession of a narcotic drug. State v. Smith, 257 La. 896, 244 So.2d 824 (1971). The State must show not only that the accused possessed the substance identified as a narcotic drug, but also it must show by direct or circumstantial evidence that the accused knew the substance he possessed was a narcotic drug. State v. Smith, supra.
In the instant case, evidence of track marks and narcotic paraphernalia were admissible because such evidence tends to show that the defendant had knowledge of the use of heroin, and that the accused knew the substance he possessed was heroin, essential elements of the proof required for conviction. See State v. Smith, supra; State v. Kreller, 255 La. 982, 233 So.2d 906 (1970).
Finally, the defendant's contention that the officer's testimony that defendant was expected to be armed was irrelevant and constitutes reversible error is without merit. That fact was relevant to explain the manner in which the warrant was executed. Although the trial judge overruled the objection, he admonished the jury at the time the testimony was elicited that the defendant was on trial only for possession of heroin and not for any other offense.
These assignments are without merit.
Accordingly, the conviction and sentence are affirmed.
NOTES
[1] The defendant presented seven assignments of errors to the trial court. However, Assignments of Errors Nos. 3, 6 and 7 were neither briefed nor argued, and are therefore deemed abandoned. State v. Carlisle, 315 So.2d 675 (La.1975).
[2] Assignment of Error No. 8 was not presented to the trial judge as required by C.Cr.P. 844 and hence is not properly before us. State v. Smith, 316 So.2d 739 (La.1975).