344 So.2d 1031 (1977)
STATE of Louisiana
v.
Raymond PORTER et al.
No. 58860.
Supreme Court of Louisiana.
April 11, 1977.
*1032 Barry Viosca, Orleans Indigent Defender Program, New Orleans, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Raymond Porter along with his sister Dorothy Porter, and his brother Lawrence Porter, were charged with possessing heroin on December 20, 1974. The three were tried together; Raymond Porter was found guilty as charged and both Dorothy and Lawrence Porter were found guilty of attempted possession of heroin. Dorothy Porter withdrew her motion for appeal and Lawrence Porter's motion for new trial was granted.[1] Therefore, only Raymond Porter, who was sentenced to serve ten years at hard labor, is before as now on this appeal.

ASSIGNMENT OF ERROR NO. 1.
Defendant complains that the trial judge mistakenly refused to grant his motion to suppress the evidence seized from his home which was taken during a search made pursuant to a warrant. Defendant alleges first that the affidavit does not include facts on which a magistrate could find that there was probable cause for the search and, secondly, he argues that the issuing magistrate had no authority to issue the warrant.
In the affidavit supporting the search warrant for the search of 3150 North Rocheblave, Officer Frank Ben swore that on December 5, 1974 he had received a telephone call from a reliable confidential informant whose information had led to the arrest and conviction of numerous drug distributors in the past. The informant told him that Lawrence Porter (appellant's brother and codefendant at trial) was selling heroin at that time, had sold him some heroin shortly before, and had entered the house at 3150 North Rocheblave Street during the transaction. The officer immediately set up a surveillance near the Rocheblave Street address and observed Lawrence Porter enter the address, then reappear and hand something to each of five persons standing in a group near the house. Lawrence was seen entering and exiting the house several other times, talking to various people, and being driven around in a car. Three days later, Officer Ben received a second telephone call from a reliable confidential informant whose information had led in the past to drug arrests. He stated that Lawrence and Raymond Porter were selling large amounts of heroin which was being stored at a white double house on North Rocheblave Street near the corner of Louisa Street. Another surveillance was instituted and the officers observed a person Officer Ben had previously arrested for selling heroin enter the residence and exit carrying a paper bag.
Defendant argues that this affidavit does not reveal sufficient facts on which a magistrate could reasonably make a finding that there was probable cause to believe that Raymond Porter was involved in criminal activity because the details in the affidavit dealt primarily with the activity of Lawrence Porter, not Lawrence's brother, the appellant Raymond Porter. We do not agree.
An affidavit supporting a search warrant need not establish probable cause as to each person who lives in a house.
*1033 Instead, the affidavit must inform the issuing magistrate of those facts upon which he can reasonably decide that evidence of a crime is presently on the premises to be searched. State v. Paciera, 290 So.2d 681 (La.1974). This affidavit does contain facts on which a magistrate could reasonably conclude that the house at 3150 North Rocheblave Street contained narcotics.
Defendant also contends that the magistrate who signed the warrant was not legally authorized to do so. Actually, it was Commissioner Gerard Hansen of the Criminal District Court for the Parish of Orleans who signed the warrant.
Defendant's argument is that Article 161 of the Code of Criminal Procedure provides only that a "judge may issue a warrant authorizing the search for and seizure of any thing within the territorial jurisdiction of the court which: (3) may constitute evidence tending to prove the commission of an offense." (emphasis added)
Louisiana Revised Statute 13:1347 created three offices of commissioner of the criminal district court for the parish of Orleans. That section provides that the persons appointed to these offices shall be known as commissioners and "shall not be judges, but shall have the same qualifications, powers, duties, jurisdiction, and functions, all as is now or hereafter provided for the judge in the magistrate section of said criminal district court." Louisiana Revised Statute 13:1346 creating the magistrate section of the criminal district court for the parish of Orleans (and the additional judge in the criminal district court who shall be known as said magistrate) specifically grants the judge in the magistrate section the authority to "sign and issue search and arrest warrants upon probable cause being shown in accordance with law." R.S. 13:1346(D). Since one of the powers and functions specifically granted to the judge of the magistrate section is the authority to issue search warrants, a commissioner of that section, by virtue of the provisions in R.S. 13:1347 referred to hereinabove, likewise has that authority.
Because the warrant to search the North Rocheblave Street residence was issued by a person authorized to do so, and because that warrant was based upon probable cause, the assignment lacks merit.

ASSIGNMENTS OF ERROR NOS. 2 and 8.
Defendant complains that the court erred in allowing Criminologist Sison to testify as to state exhibits one through eight and in admitting these exhibits into evidence on the basis that these items were not mentioned in the state's opening statement and were not relevant to the case. These exhibits included a single burnt cap containing a small amount of residue tested negative for heroin as well as certain narcotics paraphernalia including coin envelopes containing numerous pieces of foil, bags containing hypodermic syringes, needles and needle guards, and a box of glassine envelopes. As we understand defendant's complaint, he does not object to the introduction of the two burnt caps which did contain heroin residue (exhibit number one apparently included these two caps and the one which tested negative for heroin), but he does believe that the court erred in admitting the narcotics paraphernalia and the third cap which contained no heroin.
In its opening statement, the state announced that:
"The State is going to call Officer Howard Johnson to the stand, and he is going to testify that he found three caps, three burnt caps, containing a residue. He is going to testify that he found these caps outside the residence of 3150 North Rocheblave on top of a little shed in the back of that address. You're also going to hear various testimony from these police officers as to other evidence found in connection with this case, both inside and outside of the residence."
Although the defendant admits that the state is not required in its opening statement to detail every bit of its evidence, he contends that the above-quoted reference to "other evidence" does not meet the standards for adequacy set forth in the jurisprudence *1034 or the state statutes. He argues that, because this other evidence was very damaging and prejudicial to his case, it should have been set out in detail in the opening statement.
This argument is without merit. Article 766 of the Code of Criminal Procedure states that "The opening statement of the state shall explain the nature of the charge, and set forth, in general terms, the nature of the evidence by which the state expects to prove the charge." (emphasis added) This requirement does not mean that all evidence must be given in minute detail. State v. Brown, 288 So.2d 339 (La. 1974). The narcotics paraphernalia was closely related to the heroin residue in the burnt caps, evidence that was described in detail in the opening statement. The state's reference to "other evidence" was broad enough to properly include other evidence which tended to establish that defendant knew that the substance he possessed was heroin.
As for defendant's claim that the narcotics paraphernalia was not relevant to the charge of possession of heroin, this argument likewise has no merit. In a trial on the charge of possession of heroin, the possession of the equipment commonly used to store and administer the drug is admissible to prove that the defendant knowingly and intentionally possessed the unlawful substance. State v. Thomas, 329 So.2d 704 (La. 1976). This evidence was properly admitted into evidence at the trial.

ASSIGNMENTS OF ERROR NOS. 3 and 4.
Assignment number three was taken when a state witness was allowed to testify, over defendant's objection, that he saw "hundreds of small pieces" of tin foil scattered inside the defendant's house and in the back yard, some of which were seized and introduced into evidence. Assignment number four was taken when the court allowed, again over defendant's objection, Detective Ben to testify that he had "observed, during the investigation, Lawrence Porter [defendant's brother and a co-defendant] meet with several persons who are known to me as addicts." Defendant argues in brief that the foregoing testimony tended to imply that defendant Raymond Porter was a seller of heroin, not merely a possessor of heroin, the charge for which he was being tried, and that this implication gravely prejudiced his case.
As the state correctly points out, this argument is being made by defendant for the first time on this appeal. When the complained-of reference to the pieces of tin foil was made, defense counsel objected to any reference to unseized items; when the reference to Lawrence's meeting with addicts was made, counsel's objection was made because the meeting had "nothing to do with the date of the offense where this was found."
Article 841 of the Code of Criminal Procedure requires that a party make known to the trial judge his objection to the action of the court and his grounds for that objection. A new basis for an objection cannot be raised for the first time on appeal. State v. Marks, 337 So.2d 1177 (La. 1976) and the cases cited therein. Had the defense counsel contended that he felt these two pieces of testimony prejudiced his client because they implied that defendant sold heroin, the trial judge could have considered the objection to this testimony in that light. As it was, the trial judge was not made aware of the defendant's feeling that the two bits of testimony prejudiced him for this very different reason. Defendant did not therefore properly preserve the issue for our review. C.Cr.P. art. 841. Nonetheless, we have reviewed the merits of this assignment and find that the trial judge made no error when he overruled defendant's objections to this testimony.

ASSIGNMENT OF ERROR NO. 5.
When the court allowed the introduction, over defendant's objection, of various written materials seized from defendant's residence, this assignment of error was taken. Specifically, these items were two savings account books and a California driver's *1035 license in the name of Lawrence Porter and a letter addressed to him at the North Rocheblave Street address, as well as cards bearing Dorothy Porter's name and a letter addressed to her at the same address. Defendant takes the position that these items were inadmissible hearsay and as such could not properly have been introduced into evidence.
Initially we note that none of these items bore the name of Raymond Porter, the only defendant now on appeal. Clearly the items were introduced by the state to tie defendants Lawrence and Dorothy Porter to the house so as to establish that they were guilty of constructive possession of the heroin found in the two burnt caps on the roof of the rear shed. Consequently, we cannot understand how the introduction of this material could have prejudiced this defendant.
Additionally, we find that the exhibits were offered not to prove the truth of their content but rather to link two of the defendants to the premises where the contraband was discovered. Thus the evidence was not hearsay because it was not introduced to establish the truth of its contents. State v. Roche, 341 So.2d 348 (La.1976); State v. Monk, 315 So.2d 727 (La.1975). This assignment is without merit.

ASSIGNMENTS OF ERROR NOS. 6 and 7.
Defendant complains that Detective Ben was allowed to testify, over his objection, about track marks and narcotics paraphernalia and to examine him before the jury for track marks.
Officer Ben was qualified as an expert in the field of narcotics and was authorized by the trial judge to give his opinion relative to the identification of marks on the skin caused by the use of narcotics. At the state's suggestion and over defendant's objection, the officer examined defendant-appellant (and his two co-defendants) and testified that Raymond Porter had no active needle marks but had several inactive marks on his arms and hands, marks that were from three to six months old.
Defendant relies on this Court's opinion in State v. Pierre, 302 So.2d 10 (La.1974) in which we held that, in order for testimony as to a defendant's track marks to be relevant at his trial for possession of heroin, the marks must be tied down to the time of the illegal act. There we found that because the only evidence of heroin possession was a slight residue of a substance in a bottle cap, the state could introduce evidence of track marks, inactive at time of trial, which were likely to have existed prior to the date of the arrest so as to establish that the defendant knew the substance he possessed was heroin. In the case now before us, the evidence of possession was, as it was in Pierre, slight: only a small amount of heroin was found in two burnt bottle caps on the roof of a rear shed, a fact which made guilty knowledge a particularly serious issue at the trial. Defendant was charged with possessing heroin on December 20, 1974; Officer Ben's testimony was heard by the jury on April 21, 1975, approximately four months later. The Officer testified that the tracks were inactive and were "approximately three to four months old, maybe a little older, give or take a month. They could be six months." We find that the officer's testimony that defendant's track marks at trial were approximately three to six months old sufficiently tied the track marks to the illegal act (possession some four months before trial) so as to make them relevant as tending to prove that defendant knew that he possessed heroin.
This argument lacks merit.

ASSIGNMENT OF ERROR NO. 9.
Defendant complains that the trial judge improperly refused to grant his motion for a severance. The motion was made after Officer Giangrosso was asked whether at the time he arrested Raymond Porter, the defendant had told him anything about the other co-defendants. The court overruled the motion and then the witness replied as follows:
"As I was completing telling the subjects of their rights, Raymond Porter stated *1036 that, `You found the stuff on the shed, is that the stuff you found?' I said, I didn't tell him what I found. He said the stuff on the shed is what he was using to bunk people. It was bad stuff. And the hypodermic needles on top of the shed were his also, and nobody else knew about it."
It was defendant Lawrence Porter's attorney who objected and moved for a severance; defendant-appellant Raymond Porter's attorney did not object before or after the statement, nor did he move for a severance.
Although there had been an agreement at the inception of the trial that an objection by one defense attorney would be seen as an objection from each one, we do not think that a motion for severance on behalf of defendant Lawrence Porter could have been understood by the trial judge to constitute such a motion on behalf of Raymond Porter. Even assuming, however, that we were to construe the motion for severance as having been made on behalf of Raymond Porter, we would find no error in the trial court's ruling denying the motion.
Article 704 of the Code of Criminal Procedure provides for severance of co-defendants on motion of a defendant should justice require a severance. Since the testimony was exculpatory in nature in relation to co-defendants Dorothy and Lawrence Porter, they were not due a severance. See State v. Vale, 252 La. 1056, 215 So.2d 811 (1968). Appellant Raymond Porter incriminated himself by the admission to the officer, of course. But that admission would have been admissible against him in a severed trial just as it was in this joint trial. Therefore, appellant had no grounds for a severance under these circumstances. The ruling of the trial judge was correct and the assignment accordingly lacks merit.
For the reasons assigned, the conviction and sentence of defendant Raymond Porter are affirmed.
NOTES
[1] Apparently Lawrence Porter is now deceased.