**Melvin BUJOL, Petitioner-Appellant,**

v.

**Nathan Burl CAIN, Warden, and The Attorney General of the State of Louisiana, William J. Guste, Jr., Respondents-Appellees.**

No. 82–3649.

United States Court of Appeals, Fifth Circuit.

Aug. 29, 1983.

Rehearing Denied Oct. 3, 1983.

Jane Johnson, James E. Slatten, III, Student Atty., New Orleans, La., for petitioner-appellant.

John H. Craft, Asst. Dist. Atty., New Orleans, La., for respondents-appellees.

Before BROWN, WISDOM and JOHNSON, Circuit Judges.

WISDOM, Circuit Judge:

Melvin Bujol appeals from the denial of a writ of habeas corpus. On appeal, Bujol contends that his conviction for possession of heroin violated his fourteenth amendment due process rights because the evidence produced at trial was not sufficient to prove his guilt beyond a reasonable doubt. He raises two challenges to the sufficiency of the evidence. First, he contends that the evidence did not show that he exercised dominion and control over the illegal substance. Second, he contends that the evidence did not prove that he knowingly possessed the drug. We affirm the district court because we conclude that the evidence produced at trial was sufficient for a rational factfinder to find that the elements of the crime of possession were proved beyond a reasonable doubt. *See Jackson v. Virginia*, 1979, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

On May 13, 1976, three New Orleans police officers responded to a call to investigate a suspicious person with a gun at 2002½ Ursuline Street, the residence of Leonard Jourdan. Upon arriving at the scene, officers saw Bujol and another man on the back porch. When Bujol saw the officers, he jumped off the porch and ran. One of the officers chased him for a block and a half before catching him. When the officer patted Bujol down, he found a syringe in his pants pocket. The syringe contained a clear liquid and had a small amount of what appeared to be blood on the needle. The officer testified that Bujol had fresh needle marks on his arm. Bujol was taken back to the residence at 2002½ Ursuline Street.

The officers then obtained a warrant and searched the house. The search revealed various types of drug paraphenalia, including a bottle cap used as a "cooker" for heroin.[1] The bottle cap was still wet when it was found in the kitchen of Jourdan's residence. The kitchen, where the cooker was found, opened onto the back porch, where the officers had first seen Bujol.

The bottle cap and the syringe were taken to the New Orleans Police Department Crime Laboratory. The cap showed traces of heroin residue, but the syringe did not. The testimony, given at trial by an experienced narcotics officer, showed that syringes rarely tested positive for heroin.

Bujol was arrested and charged with possession of a controlled substance.[2] He was convicted at a bench trial of possession of heroin in violation of La.Rev.Stat.Ann. 40:966C (West 1977),[3] and was sentenced as a multiple offender to twenty years at hard labor. The Louisiana Supreme Court affirmed his conviction.[4] The trial court and the Louisiana Supreme Court denied post-conviction relief. After exhausting the state court remedies, Bujol filed a petition for a writ of habeas corpus with the United States District Court for the Eastern District of Louisiana. In accordance with the recommendation of the magistrate, the petition was denied. This appeal followed.

■■■■ In a federal habeas corpus proceeding when a defendant contends that the evidence produced in a state court trial is insufficient to sustain a conviction, the proper standard of review is whether any rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. *Jackson v. Virginia*, 1979, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560. *See also Harris v. Blackburn*, 5 Cir.1981, 646 F.2d 904, 905. The reviewing court does not substitute its conclusion on the sufficiency of the evidence for that of the factfinder; it determines whether any rational factfinder could conclude that the evidence was sufficient to

---

1. A cooker is a device used to boil down heroin.

2. La.Rev.Stat.Ann. 40:964B(11) (West 1977) identifies heroin as a controlled substance classified in Schedule I.

3. La.Rev.Stat.Ann. 40:966C states in part:

It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule I unless such substance was obtained directly, or pursuant to a valid prescription or an order from a practitioner....

4. *State v. Bujol*, No. 60,358 (La. Dec. 17, 1977).

meet this standard. In determining whether the evidence meets the *Jackson* test, the court must consider all the evidence in the light most favorable to the prosecution. This requirement preserves the integrity of the trier of fact as the weigher of the evidence. *Jackson v. Virginia,* 1979, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560.

■ To meet the constitutional requirement that guilt be proved beyond a reasonable doubt, sufficient evidence must be produced to establish each element of the crime.[5] *Jackson v. Virginia,* 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560. Bujol was convicted of the state crime of possession of a controlled substance. The substantive law of the State of Louisiana defines the elements of the crime that must be proved. *Harris v. Blackburn,* 5 Cir.1981, 646 F.2d 904, 905 n. 2. Possession, under Louisiana law, may be established by proof of the defendant's actual or constructive possession. *Harris v. Blackburn,* 5 Cir.1981, 646 F.2d 904, 906; *State v. Trahan,* La.1983, 425 So.2d 1222; *State v. Baker,* La.1976, 338 So.2d 1372, 1376; *State v. Marks,* La.1976, 337 So.2d 1177; *State v. Alford,* La.1975, 323 So.2d 788; *State v. Cann,* La.1975, 319 So.2d 396; *State v. Smith,* 1971, 257 La. 1109, 245 So.2d 327. Constructive possession may be exercised jointly with a companion who has actual physical possession of the controlled substance. *State v. Smith,* 1971, 257 La. 1109, 245 So.2d 327.

■ Bujol is charged with constructive possession of the heroin found in the bottle cap in Jourdan's kitchen. To prove constructive possession, the state must show that the defendant exercised dominion and control over the controlled substance and must establish the defendant's guilty knowledge. *State v. Trahan,* La.1983, 425 So.2d 1222, 1226; *State v. Smith,* 1971, 257 La. 1109, 245 So.2d 327, 329. The factfinder may draw reasonable inferences based upon the evidence presented. *Garza v. United States,* 5 Cir.1967, 385 F.2d 899, 901; *State v. Edwards,* La.1978, 354 So.2d 1322; *see also* La.Rev.Stat.Ann. § 15:446 (West 1977). The Louisiana Supreme Court, however, has held that neither the mere presence in the area where the drug is found nor the mere association with the person in actual possession is sufficient to prove constructive possession. *State v. Alford,* 1975, 323 So.2d 788, 790.

■ Although the Louisiana Supreme Court prohibits an inference of constructive possession based solely upon proximity or association, it has not identified any facts or circumstances that must be present to establish constructive possession. Each case must be analyzed on its own merits, and previous cases are illustrative only.[6] *State v. Cann,* 1975, 319 So.2d 396, 400. The leading case in this circuit applying the *Jackson* standard to constructive possession is *Harris v. Blackburn,* 5 Cir.1981, 646 F.2d 904. In *Harris,* the court held that a rational factfinder could not have found that a passenger in a car had dominion and control over heroin found in the console of the car, even though the drugs were in plain view. *Id.* at 907. *Harris,* however, is distinguishable from the present case. In *Harris,* although the defendant had fresh track marks on his arms, the car contained no evidence of the recent use of heroin. Because the evidence did not link Harris's recent injection of heroin to the heroin in his companion's car, his dominion or control over the heroin in the car was not estab-

---

5. The Louisiana Supreme Court recently has adopted the *Jackson* standard. *State v. Trahan,* 1983, 425 So.2d 1222. In earlier cases, the court applied a lesser standard: it would reverse a trial court's judgment only if no evidence supported an essential element of an offense. *E.g., State v. Cann,* 1975, 319 So.2d 396, 400. *Jackson* requires that sufficient evidence be produced on each essential element of an offense. 443 U.S. at 316, 99 S.Ct. at 2787.

6. The Louisiana Supreme Court in earlier cases has considered the defendant's knowledge that the illegal substance was in the area; the defendant's relationship with the person who has physical possession; the defendant's access to the area where the drug was found; evidence of recent drug use; the defendant's proximity to the drug; and any evidence that the residence was frequented by drug users. *State v. Alford,* La.1975, 323 So.2d 788, 791; *State v. Cann,* La.1975, 319 So.2d 396.

lished. The court held that knowledge of the presence of the heroin is not sufficient to prove constructive possession when there is no evidence to prove dominion and control. *Id.* at 906.

Unlike *Harris,* however, the evidence in this case links Bujol to the heroin found in Jourdan's kitchen, establishing both his dominion and control over the drug and his guilty knowledge. The cooker found in the kitchen was still wet at the time of the search, indicating recent use. Bujol had fresh track marks on his arm and a used syringe in his pants pocket, indicating a recent injection. He was seen first by the officers on the back porch, in close proximity to the kitchen where the cooker was found. Based upon these facts, a rational trier of fact could infer that the heroin residue contained in the bottle cap was subject to Bujol's dominion and control. When Bujol saw the police, he fled the scene. The Louisiana Supreme Court has held repeatedly that guilty knowledge can be inferred from the circumstances. *E.g., State v. Edwards,* La.1978, 354 So.2d 1322, 1327; *State v. Knight,* La.1974, 298 So.2d 726, 728. A rational factfinder could infer from Bujol's flight and the evidence of his recent drug use that he knowingly possessed the heroin. *See State v. Smith,* 1971, 257 La. 896, 244 So.2d 824; *State v. Harris,* 1957, 232 La. 911, 95 So.2d 496. Thus, the state showed more than Bujol's "mere presence" in the area where the heroin was found. We find that based upon the evidence presented at trial a rational factfinder could conclude beyond a reasonable doubt that Bujol had constructive possession of the heroin residue found in the bottle cap. The judgment of the trial court is AFFIRMED.