CRAIN, Judge.
Defendant, Carol Lynn Brown, was charged by bill of information with possession with intent to distribute controlled dangerous substances classified in Schedule II (phenmetrazine) in violation of La. R.S. 40:967(A)[1] and Schedule IV (diazepam) in violation of La.R.S. 40:969(A)[2]. Defendant pled guilty to both charges. The trial court sentenced defendant on each charge *1031 to six years in the custody of the Secretary of the Department of Corrections, the sentences to run concurrently. Defendant has appealed her sentences citing two assignments of error.[3]
FACTS
On May 5,1983, Baton Rouge City Police officers executed a search warrant at defendant’s residence where she and five other individuals were present. The police officers found controlled dangerous substances (i.e. phenmetrazine and diazepam) in defendant’s purse. In addition, other illegal drugs, plus weapons and money were found throughout the house. Defendant admitted that the seized drugs were hers. She later pled guilty to possession with intent to distribute both phenme-trazine and diazepam.
ASSIGNMENTS OF ERROR NUMBERS 11 and 12
Defendant alleges as error that the trial court failed to follow the sentencing guidelines of La.C.Cr.P. art. 894.1, and imposed an excessive sentence.
Defendant asserts that the trial court failed to properly consider the mitigating circumstances that she has a young child, she pled guilty and defendant’s drug culture environment was a strong provocation for her criminal conduct. She further alleges the trial court improperly considered as aggravating circumstances in imposing sentence the criminal background of defendant’s family, the illegitimate status of defendant’s child, and the incorrect conclusion that defendant was selling drugs to support herself.
The legislature has provided a method by which to measure whether a particular sentence imposed by a trial court, though within statutory guidelines, is appropriate or excessive. State v. Sepulvado, 367 So.2d 762 (La.1979), La.C.Cr.P. art. 894.1.[4] La.C. Cr.P. art. 894.1 establishes guidelines to be followed by a trial court in imposing sen *1032 tence on a defendant. Certain mitigating circumstances must be considered by the trial court. In addition, the trial court must articulate for the record the factors which were considered in imposing sentence on the defendant.
In sentencing defendant, the trial court noted that defendant admitted that she and her family both used and sold drugs and that defendant’s mother, father and brother have extensive drug-related criminal records. It was also noted that defendant had no prior convictions, however, she did have a lengthy criminal arrest record which dated back to 1979 (five of the arrests pertained to controlled dangerous substances charges). When imposing sentence, the trial court is not limited to a consideration of prior convictions in reviewing a defendant’s prior criminal activity. State v. Marchese, 430 So.2d 1303 (La.App. 1st Cir.1983).
In referring to defendant’s environment and associates, the trial court stated that defendant had always lived in a drug culture environment, thus making it highly unlikely that defendant would respond affirmatively to probation and that her criminal conduct was most likely to recur due to her drug-related criminal history and environment. The court stated that defendant had never worked and that she depended upon public welfare and drug sales for her support. Defendant’s unmarried status and her eleven month old illegitimate child were taken into consideration. The court also considered the fact that the child’s father was presently in prison for drug related offenses. Defendant was found to be in need of correctional treatment in a custodial environment which could be provided most effectively by commitment to an institution where she would no longer have access to controlled dangerous substances. A lesser sentence, it was stated, would deprecate the seriousness of her crime.
The trial court is not required to cite every factor listed in La.C.Cr.P. art. 894.1 if the record reflects that the trial court did give adequate consideration to the sentencing statute. State v. Marchese, supra. The record reflects that the trial court very carefully and adequately considered the sentencing guidelines of La.C.Cr.P. art. 894.1 and clearly stated the considerations and factual bases for imposing the sentence.
The penalty for possession with intent to distribute phenmetrazine is imprisonment at hard labor for no longer than ten years. In addition the defendant may be sentenced to pay a fine not greater than fifteen thousand . dollars. La.R.S. 40:967(B)(3). The penalty for possession with intent to distribute diazepam is imprisonment at hard labor for no longer than ten years. In addition the defendant may be sentenced to pay a fine not greater than fifteen thousand dollars. La.R.S. 40:969(B). Defendant was sentenced to six years imprisonment on each count, to run concurrently. This was well within the statutory guidelines. Where a sentence is neither grossly disproportionate to the crime nor needlessly imposes pain and suffering, it is not excessive and is well within the discretion of the trial court. State v. Benton, 453 So.2d 993 (La.App. 1st Cir.1984), writ denied, 457 So.2d 17 (La.1984).
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.

. La.R.S. 40:967(A) provides:
A. Manufacture; distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II;
(2) To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance classified in Schedule II.

. La.R.S. 40:969(A) provides:
A. Manufacture; distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute or. dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule IV;
(2) To create, distribute or possess with intent to distribute, a counterfeit controlled dangerous substance classified in Schedule IV.

. Two separate bills of information were filed against defendant (1-83-47 and 11-83-705). Both bills cited drug related charges. On the charges in bill 1-83-47 defendant was found guilty. On the charges in bill 11-83-705 defendant pled guilty. The second bill and its charges form the basis of the present appeal. Defendant was sentenced at the same time for the charges on both bills. She had filed two separate appeals. However, she filed one set of assigned errors. The first 10 assignments of error relate to her appeal on the charges in the first bill. The eleventh and twelfth assignments of error relate to the present appeal.

. La.C.Cr.P. art. 894.1 provides:
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant’s crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1)The defendant’s criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant’s criminal conduct, though failing to establish a defense;
(5) The victim of the defendant’s criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C.The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.