479 So.2d 464 (1985)
STATE of Louisiana
v.
Carol BROWN.
No. 84 KA 0924.
Court of Appeal of Louisiana, First Circuit.
November 19, 1985.
*465 Ossie Brown, Dist. Atty. by Mike Nunnery, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
David Price, APD, Baton Rouge, for defendant-appellant.
Before LOTTINGER, COLE and CRAIN, JJ.
CRAIN, Judge.
Defendant, Carol Lynn Brown, was charged by bill of information with three counts of possession with intent to distribute Schedule II controlled dangerous substances. La.R.S. 40:967(A). The charges included in count one pentazocine (Talwin), in count two methamphetamine and in count four phenmetrazine (Preludin). Defendant was further charged with one count of possession with intent to distribute a Schedule IV controlled dangerous substance, diazepam (Valium). La.R.S. 40:969(A). Defendant pled not guilty and was tried by jury. The jury convicted defendant on all four counts. She was sentenced to serve six years with the Louisiana Department of Corrections, without benefit of parole, probation or suspension of sentence on count one, and to serve six years with the Department of Corrections on counts two, three and four, all to run concurrently. Defendant has appealed her convictions and sentences, alleging twelve assignments of error. Assignments of error numbers 2, 3, 7, 8, 9 and 10 were not briefed by defendant and are, therefore, considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4.
At approximately 3:00 to 3:45 p.m., on October 21, 1982, Jay Thompson of the Louisiana State Police and officers of the Baton Rouge City Police and East Baton Rouge Parish Sheriff's Office executed a search warrant for 1914 Tennessee Street in Baton Rouge. When the officers obtained entry to the house, defendant began running to the back of the house. Thompson and Sergeants Schultz and Blackwell of the East Baton Rouge Parish Sheriff's Office pursued her. Defendant tripped and fell as she reached some steps. As she tripped, she either dropped or threw a cigarette case to the floor. Thompson was six or eight feet behind her at that time. He took custody of defendant, and Schultz retrieved the cigarette case. He opened it and recognized what he believed to be narcotics. Defendant was placed under arrest.
Mary Sue Trull, nee Brown, a forensic scientist in the field of chemical analysis of controlled dangerous substances, tested the substances that were found inside the cigarette case. Her tests disclosed that the substances were: 127 peach-colored tablets containing pentazocine; 127 blue tablets containing pyrobenzamine, a non-controlled substance; 10 tablets containing methamphetamine; *466 6½ tablets containing diazepam; and 25 tablets containing phenmetrazine.
Some of the pills inside the cigarette case were in aluminum foil and some were in small plastic bags. Additionally the cigarette case included other pieces of aluminum foil, two pieces of blue paper, one piece of white paper and three pieces of cellophane or plastic wrap.

ASSIGNMENT OF ERROR NO. 1:
By means of this assignment, defendant asserts that the trial court erred when it sustained the state's challenge for cause of prospective juror, Shirley Promise.
In questioning the prospective jurors, the trial judge asked if there was any reason they might not be able to serve on the jury as a fact-finder and accept and apply the law to the case. Ms. Promise answered, "yes", and then indicated to the judge her reluctance to sit in judgment of a person.
The judge then turned questioning over to the assistant district attorney, who asked the prospective jurors: "... are any of you members of that religious order of a Baptist church that does not allow you to judge your fellow person?" Ms. Promise answered, "yes". In response to questioning she then indicated she didn't believe she should judge other people.
The assistant district attorney then asked each of the prospective jurors whether he or she could return a verdict of guilty as charged if the state proved each of the elements of each of the counts as required by law beyond a reasonable doubt. To this question, Ms. Promise indicated that her answer remained the same.
The defense then questioned Ms. Promise and obtained from her the statement that she supposed she could vote not guilty if the state failed in its proof, and she "possibly" could vote guilty if it carried its burden.
Following the conclusion of questioning of prospective jurors, the state renewed its challenge of Ms. Promise for cause, and the court sustained the state's challenge.
The defendant asserts that Ms. Promise's difficulty was not partiality, but a reluctance to assume the responsibilities of a juror. The defendant also argues that Ms. Promise's reluctance was overcome upon further inquiry by defense counsel by her demonstrated ability and willingness to decide the case. In conclusion the defendant argues that the prosecution's challenge for cause is unwarranted and unfounded in law, and, therefore, the trial court's sustaining the state's challenge for cause of Ms. Promise constituted an abuse of discretion.
Paragraphs (2) and (4) of La.C.Cr.P. art. 797 provide as follows:
The state or the defendant may challenge a juror for cause on the ground that:
* * * * * *
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
* * * * * *
(4) The juror will not accept the law as given to him by the court
....
The trial judge is vested with broad discretion in ruling on a challenge for cause, and his ruling will not be disturbed on appeal absent a showing of abuse of that discretion. State v. Sugar, 408 So.2d 1329 (La.1982); State v. Glaze, 439 So.2d 605 (La.App. 1st Cir.1983).
After reviewing both the questions propounded to Ms. Promise and her answers thereto, we reject the defense's assertion that she had been rehabilitated and conclude instead that the cumulative, though not entirely consistent, import of her responses evinces an inability on her part to accept the law as given to her by the trial court and an inability to render an impartial verdict according to the law and the evidence. Under these circumstances *467 the trial court's ruling sustaining the state's challenge of Ms. Promise for cause was clearly not an abuse of its wide discretion.
This assignment lacks merit.

ASSIGNMENTS OF ERROR NOS. 4 AND 5:
By means of these assignments defendant asserts that the trial court erred by overruling her objections to the state's questions directed to Jay Thompson of the Louisiana State Police, as to the street values of methamphetamine and preludin in Baton Rouge at the time of defendant's arrest, on the basis that those questions called for hearsay responses.
The alleged improper question regarding methamphetamine is as follows:
Q. All right. Once again, going back to your training and expertise and the fact that you were working narcotics three and a halfor six years and then the three years, did you have occasion to talk to people on the street that use desoxyn or methamphetamine or did you have occasion to work with undercover officers to find out what the current price for methamphetamine was at that time?
Defense counsel objected to the question on the basis of hearsay. The objection was overruled, and Thompson then testified that he did not know the street value of desoxyn and valium at the time of defendant's arrest because those substances were very seldom encountered by him on the streets of Baton Rouge at that time. Defendant could in no way be prejudiced by this question.
The other alleged improper question dealt with the officers' having obtained information from his contact with people in narcotics investigations of the street value of Phenmetrazine. The officer was familiar with this drug and testified that from his information from informants and others with whom he dealt in his investigations, the going price for phenmetrazine tablets at that time was twelve to fifteen dollars per tablet.
In State v. Staton, 433 So.2d 222, 224 (La.App. 1st Cir.1983), writ denied, 438 So.2d 1112 (La.1983), we stated the following:
Intent is a state of mind and need not be proven as a fact, but may be inferred from the circumstances. State v. McDermitt, 406 So.2d 195 (La.1981). The circumstantial evidence considered includes the quantity of the illegal drug and the circumstances of its possession, State v. Elzie, 343 So.2d 712 (La.1977). Testimony as to the street value and dosage units of the narcotic is also relevant to the issue of intent. State v. Tornabene, 337 So.2d 214 (La.1976).
Opinions of persons having special knowledge obtained by means of special training or experience are admissible as expert testimony. La.R.S. 15:464. "Every expert witness must state the facts upon which his opinion is based." La.R.S. 15:465.
While we are cognizant that the record does not disclose that Jay Thompson had been admitted in the instant case as an expert witness in the field of the street valuation of controlled dangerous substances, we are convinced by our careful review of the record that he possessed the special training and experience required to express an expert opinion in response to the state's questions as to the street values of the controlled dangerous substances involved in the instant case.[1] He also stated *468 the facts upon which his opinions were based. See State v. Clay, 408 So.2d 1295 (La.1982); State v. Stewart, 357 So.2d 1111 (La. 1978). The trial court properly allowed Thompson to respond to the state's questions.
These assignments are without merit.

ASSIGNMENT OF ERROR NO. 6:
By means of this assignment of error, defendant contends that the trial court erred by failing to grant her motion for mistrial which motion was made after the state asked Jay Thompson the following question: "Did you have occasion to check Carol Brown's arms for injection marks to show whether or not she was a user?"
Upon making his objection to the foregoing question, defense counsel requested that the jury be retired, which request was granted by the court. With the jury retired, the court asked Thompson whether he had examined defendant's arms for any kind of marks. Thompson answered that he did not recall having done so. The court overruled the defense's objection and its motion for a mistrial. The jury was then returned to the courtroom. At this point, the assistant district attorney indicated to the court that he "would attempt to qualify this trooper [Thompson] as an expert in the identity of what is referred to as track marks." The state then proceeded to lay a foundation for Thompson's expertise. Thereafter, the state tendered Thompson without asking him whether he had examined defendant for track marks, and defense counsel then began cross-examination of Thompson as to the state's case-in-chief.
On appeal defendant argues that the question asked Thompson constituted a reference to "another crime committed or alluded to have been committed by defendant as to which evidence is not admissible."[2] On the other hand, the state argues that the jurisprudence is clear as to the relevance of its question.
In State v. Perique, 340 So.2d 1369 (La. 1976), the Supreme Court found no error in the trial court's permitting a law enforcement officer, who was qualified in the field of wholesale distribution of heroin and identification of track marks to examine the defendants' arms for track marks in the presence of the jury and to state that he could not find any such marks on either accused. The Supreme Court stated that:
On previous occasions, this court has allowed testimony at trial that track marks were present on the arm of an accused to prove an essential ingredient of the crime charged, i.e., guilty knowledge. State v. Thomas, 329 So.2d 704 (La. 1976); State v. Pierre, 302 So.2d 10 (La.1974); State v. Clouatre, 262 La. 651, 264 So.2d 595 (1972); State v. Williams, 260 La. 1167, 258 So.2d 539 (1972); State v. Smith, 257 La. 896, 244 So.2d 824 (1971). In these cited cases, the presence of track marks was considered relevant to prove guilty knowledge. Likewise, in this matter, the lack of track marks is relevant in the proof of intent to distribute the drug.
Perique, 340 So.2d at 1375.
In accordance with Perique and the cases cited therein, we find that the state's question regarding track marks in the instant case was clearly relevant.
This assignment of error is without merit.

*469 ASSIGNMENTS OF ERROR NOS. 11 AND 12:
In assignment of error no. 11, defendant asserts that the trial court erred by failing to follow the mandatory sentencing guidelines of La.C.Cr.P. art. 894.1; and through assignment no. 12 defendant contends that her sentences are excessive.
At the same time defendant was sentenced for her convictions on the instant offenses,[3] she was also sentenced on two other drug offenses charged by separate bill of information[4] to which charges she had pled guilty. In addition to the instant appeal, defendant filed an appeal of her sentences on the two other drug offenses to which she had pled guilty. In regard to the latter appeal, defendant urged assignments identical to assignments 11 and 12 urged herein. In State v. Brown, 464 So.2d 1030 (La.App. 1st Cir.1985), we affirmed defendant's sentences.
Because the instant sentences and those appealed in Brown were rendered by the same sentencing court, at the same sentencing hearing, based on the same sentencing considerations, we adopt by reference our finding in Brown that the sentencing court adequately considered the guidelines of La.C.Cr.P. art. 894.1. Consequently, we need only decide the issues of alleged excessiveness of sentences presented in assignment no. 12.
The applicable penalty for possession with intent to distribute pentazocine (count one) is imprisonment at hard labor for not less than four years nor more than ten years, without benefit of parole, probation, or suspension of sentence. In addition, a defendant may be sentenced to pay a fine not greater than fifteen thousand dollars. La.R.S. 40:967 B(2).[5] The applicable penalties for possession which intent to distribute methamphetamine (count two), diazepam (count three), or phenmetrazine (count four), are imprisonment at hard labor for not more than ten years, and additionally a possible fine of not more than fifteen thousand dollars. La.R.S. 40:967(B)(3), 969(B). Defendant was sentenced to six years imprisonment on each count, to run concurrently. This is well within the statutory guidelines. Where a sentence is neither grossly disproportionate to the crime nor needlessly imposes pain and suffering, it is not excessive and is within the discretion of the trial court. Brown, 464 So.2d at 1032; State v. Benton, 453 So.2d 993 (La.App. 1st Cir.1984), writ denied, 457 So.2d 17 (La.1984).
Assignment of error number 12 also lacks merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Thompson had been employed by the state police for three years. Prior thereto he had worked with the sheriff's office and was assigned to the narcotics division for six years. His training included attendance at district attorney narcotics schools. The officer testified that he had handled over one hundred "pyrobenzamine and talwin type" cases during the past three years. During the time he worked in narcotics for the sheriff's office and during his employment with state police, he had talked to, examined and been in proximity with abusers of controlled dangerous substances and in "three or four hundred, five hundred times" had examined controlled dangerous substance abusers for indications of usage. He was familiar with and from personal knowledge identified each of the substances involved in the instant case.
[2] Defendant did not object to the testimony at trial based on relevance after hearing the officer had not examined defendant's arm. Oblique reference is made to the testimony being irrelevant on appeal. In any event, it is well settled that a new basis for an objection may not be raised for the first time on appeal. La.C.Cr.P. art. 841; State v. Burdgess, 434 So.2d 1062 (La. 1983). "The purpose of an objection is to apprise the trial judge of the specific basis for the complaint, so that the trial judge can intelligently rule on the complaint and take corrective action, when necessary." State v. Francis, 345 So.2d 1120, 1122 (La.1977), cert. denied, 434 U.S. 891, 98 S.Ct. 267, 54 L.Ed.2d 177 (1977). Since the objection made at trial only apprised the judge of one specific ground for objection, (the state's question allegedly referring to other crimes) the judge had no opportunity to rule on additional grounds. Consequently, to the extent that defendant's argument in brief incorporates bases for objection not urged at trial, such unraised bases for objection are deemed waived.
[3] The instant offenses were charged by bill of information number 1-83-47.
[4] Those charges were made in bill of information number XX-XX-XXX, which charged defendant with possession with intent to distribute controlled dangerous substances classified in Schedule II (phenmetrazine) in violation of La. R.S. 40:967(A) and Schedule IV (diazepam) in violation of La.R.S. 40:969(A). Pursuant to her guilty plea on these charges, the court sentenced her on each charge, to six years in the custody of the Department of Corrections, the sentences to run concurrently to each other and to the sentences on the instant convictions.
[5] Acts 667 and 753 of 1984 amended R.S. 40:967 B(2) by increasing the minimum term of imprisonment from four to seven years.