298 So.2d 726 (1974)
STATE of Louisiana
v.
George Harold KNIGHT.
No. 54490.
Supreme Court of Louisiana.
June 10, 1974.
Rehearing Denied August 30, 1974.
*727 William Travis Allison, Morgan City, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Edward M. Leonard, Jr., Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
George Harold Knight was charged by bill of information with illegal distribution of marijuana in violation of R.S. 40:966(A). His trial by jury resulted in a conviction for which he was sentenced to serve three years at hard labor. Appeal has been taken seeking reversal of his conviction and sentence.
Four bills of exceptions were reserved during trial. Bill of Exceptions No. 1 has been abandoned.
Bill of Exceptions No. 2 was reserved when the trial court refused to permit defense counsel to ask the following question to the State witness, Poole:
"Did Mr. Knight's actions, was there anything he did that would indicate to you that he had knowledge of the contents of that bag?"
Bill of Exceptions No. 4 was taken to the denial of the motion for a directed verdict urging that the State failed to prove guilty knowledge, an essential element of the crime.
According to the record, Poole was approached by Chambley and asked if he would like to buy some marijuana. Poole declined. At this time, Knight was in a parked car belonging to Chambley. Poole reported this to the authorities. Chambley was contacted by Poole, and a meeting was arranged. Poole met with Chambley in the park and there purchased the marijuana in question. At the time of this meeting, *728 Knight had arrived with Chambley and was seated on a bench some feet away from where Chambley and Poole transacted the purchase. Chambley called to Knight to bring his "lunch" over to where they were sitting. Whereupon, Knight came over, handed Chambley a brown bag and then walked away. Chambley produced the marijuana which he sold to Poole from this bag. Chambley and Knight left the park in the same automobile and were apprehended by the police together.
Defendant argues that there is no evidence that he knew marijuana was in the brown paper bag which he handed to Chambley at the time of sale; thus, the State failed to prove guilty knowledge, an essential element of the crime.
The trial judge correctly stated the following in his per curiam to Bill of Exceptions No. 2, regarding the question posed to the witness as to any indication that defendant had knowledge of the contents of the bag.
"The question propounded was improper because as phrased it sought the witnesses opinion concerning what actions if any on the part of the accused served to indicate to the witness that he had knowledge concerning the contents of the bag. It is of no importance what opinion the witness may have formed as a result of the defendants acts on the occasion in question rather it was for the jury to decide whether the defendants acts on the occasion in question established to their satisfaction and beyond a reasonable doubt that the defendant did in fact know what was contained in the bag which he delivered. As reflected by the transcript of evidence defendant was allowed complete range to develop all of the facts surrounding the meeting between defendant and the witness Poole."
Hence, Bill of Exceptions No. 2 lacks merit.
Louisiana jurisprudence has firmly established that guilty knowledge is an essential ingredient of the crime of possession of a narcotic drug. State v. Smith, 257 La. 896, 244 So.2d 824 (1971); State v. Smith, 257 La. 1109, 245 So.2d 327 (1971); State v. Kreller, 255 La. 982, 233 So.2d 906 (1970); State v. O'Brien, 255 La. 704, 232 So.2d 484 (1970); State v. Williams, 250 La. 64, 193 So.2d 787 (1967); State v. Oliver, 247 La. 729, 174 So.2d 509 (1965). In State v. Kreller, we stated that "guilty knowledge is an ingredient of the crime of selling narcotics as well as that of their possession."
One need not actually possess the controlled dangerous substance to violate the prohibition against possession thereof; constructive possession being sufficient. As stated in State v. Smith, 257 La. 1109, 245 So.2d 327 (1971), a person may be in constructive possession of a drug even though it is not in his physical custody if it is subject to his dominion and control. We further stated in Smith that a person may be deemed to be in joint possession of a drug which is in the physical custody of a companion, "if he willfully and knowingly shares with the other the right to control of it."
Whether the accused knew the substance was a narcotic drug is a matter of proof by direct or circumstantial evidence. However, the question of sufficiency of the evidence is a matter, not for this Court, but for a jury. It is only where there is no evidence at all of an essential element of the crime charged that this Court may legally set aside the conviction on appeal.
From a reading of the record, we conclude there was some evidence that this defendant, Knight, had knowledge that the brown paper bag contained marijuana when he handed it to Chambley for the sale to Poole. Chambley and Knight were together when Chambley originally approached Poole; they were again together *729 for the meeting in the park; Chambley called upon Knight to deliver to him the bag containing the marijuana for purpose of the sale; Knight handed Chambley the bag from which the marijuana was produced with Knight in close proximity; Knight and Chambley departed in the automobile together; they were also together when apprehended.
Therefore, the motion for directed verdict was properly denied.
Bill of Exceptions No. 4 is without merit.
Bill of Exceptions No. 3 challenges the finding that the contents of the bag sold to Poole and introduced in evidence as State Exhibit 2 was marijuana as defined in Act 634 of 1972, the law under which defendant was prosecuted. In that statute, "marijuana" is defined as all parts of the plant Cannabis Sativa L.[1] It is the contention of defendant in this bill that the State's expert witness, Joan Provost, failed to identify the substance here as "Cannabis Sativa L." Hence, the substance introduced was immaterial, irrelevant and highly prejudicial to defendant.
Joan Provost, an employee of the Acadian Criminalistic Laboratory, was qualified as an expert in the field of analysis of marijuana. She testified that she made tests, specifically a microscopic examination identifying various hair structures which are characteristic of the plant and a modified Duquenois Test which identified State Exhibit 2 as marijuana. On cross-examination, she was asked: "What is marijuana?" to which she answered: "Marijuana is the name given to the drug which is obtained from the Cannabis plant, the hemp plant." She further testified that "Cannabis" is a scientific name applied to a genus of plants.
Defense counsel thoroughly questioned this expert concerning the designations Cannabis Sativa, Cannabis Indica and Cannabis Americana. She was asked if she could identify the substance in the present matter as Cannabis Sativa L. Her testimony was that the substance seized in this case is Cannabis Sativa. She rejected the view that there are different species of Cannabis. It was her belief that there is one species, i. e., Cannabis Sativa, and the other names are geographic variants of the same species. She was steadfast in her expert opinion that State Exhibit 2 is marijuana or Cannabis Sativa.
No expert testimony whatsoever was introduced by defendant to rebut the positive identification by this witness of the substance as marijuana or Cannabis Sativa. Defense counsel was permitted the right of extensive cross-examination. His objection in this bill addresses itself to the weight of the evidence rather than to its admissibility. The trial judge in his instructions to the jury defined the substance of marijuana as set forth in the statute. It was therefore within the province of the jury to determine from the evidence adduced *730 at the trial whether the substance contained in the bag (State Exhibit 2) was marijuana as defined by the statute. The jury made this decision when it returned the verdict: "Guilty of sale of marijuana."
Accordingly, Bill of Exceptions No. 3 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., dissents and assigns reasons.
DIXON and CALOGERO, JJ., dissent.
BARHAM, Justice (dissenting).
The defendant was prosecuted under Act 634 of 1972. The law contained in that act defined "marijuana" as "* * * all parts of the plant Cannabis sativa L. * * *" It further defined "Cannabis" as:
"* * * all parts of the plant Cannabis Sativa L. * * *" (Emphasis supplied.)
Under that act, an essential ingredient of the crime with which this defendant was charged is proof that the material distributed was "Cannabis sativa L." The only marijuana which that act prohibits possession and distribution of is the marijuana drug of the plant, Cannabis sativa L. It is the State's obligation to prove every essential ingredient of a crime. Their expert could only identify the substance presented for examination as being a part of the plant, Cannabis. The State's expert witness testified that Cannabis is a scientific name applied to a genus of plants. She further testified that the designations "Sativa L., Indica, and Americana" were geographic variants of the Cannabis plant.
We are not really concerned with whether or not there are legitimate scientifically arranged species of the genus, Cannabis. We are only concerned with whether or not the genus, Cannabis, can be designated in any manner into several categories. The question is whether or not, sativa L. includes all designations of the plant, Cannabis. If sativa L. does not include all the designations of the plant, Cannabis, then prohibitions set forth in the act in effect when this offense occurred apply only to Cannabis sativa L.
The State's witness testified that there are several designations of the plant, Cannabis. The witness further stated that these designations, in her opinion, were not scientific listings of species of that plant, but were geographic groupings of the plant. If the expert witness is correct, then our legislators, by the 1972 act, determined that only the Cannabis plant grown where sativa L. is found is proscribed by the statute. The other classifications of CannabisRuderallis, Americana, and Indicawere not meant to be prohibited by the act. The expert witness was asked the question, "Is it correct then that the only positive identification you can make of that substance is that it is Cannabias? [sic, Cannabis]" Answer: "Yes."
The 1972 act did not define the marijuana drug which the legislature prohibited as being derived from the plant, Cannabis. They defined the plant as "Cannabis sativa L." The expert could not identify the substance as a part of Cannabis sativa L.
That there must have been calculated meaning in the legislative definition of "marijuana" and "Cannabis" in the 1972 act is supported by the fact that the 1973 Act, No. 207, § 1 [La.R.S. 40:961] now defines marijuana as "* * * all parts of the plants of the Genus Cannabis * * *" and Cannabis is defined as "* * * all parts of plants of the Genus Cannabis * * *." The legislature has intentionally deleted "sativa L." in both instances from their definitions.
I respectfully submit that Act 634 of 1972, which has been amended, only prohibited the possession and sale of "* * * parts of the plant Cannabis sativa *731 L." I further respectfully submit that the State failed to establish that Cannabis sativa L. was the substance distributed by this defendant.
For the reasons assigned, I respectfully dissent.
NOTES
[1] Act 634 of 1972 in Section 961(18) defines marijuana as follows:

"`Marijuana' means all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin, but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterlized seed of such plant which is incapable of germination."
Section 961(5) of the same Act defines Cannabis as follows:
"`Cannabis' includes all parts of the plant Cannabis Sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant, and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination."