319 So.2d 344 (1975)
STATE of Louisiana
v.
Roger D. HUMPHREYS.
No. 55861.
Supreme Court of Louisiana.
September 5, 1975.
Rehearing Denied September 30, 1975.
Robert L. Kennedy, Law Offices of W. T. McCain, Colfax, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Charles B. Bice, Dist. Atty., W. Scott Maxwell, Asst. Dist. Atty., for plaintiff-respondent.
*345 MARCUS, Justice.
Roger D. Humphreys was charged by bill of information with knowingly and intentionally possessing a controlled dangerous substance, to-wit: marijuana, in violation of La.R.S. 40:966. He was tried by a judge and found guilty as charged. Subsequently, he was sentenced to serve four months in the parish jail and to pay a fine of $200.00 and costs, upon payment of which the jail sentence would be suspended and defendant would be placed on supervised probation for a period of two years. We granted defendant's application for a writ of certiorari to review the judgment of the district court. 309 So.2d 683 (La. 1975). Defendant relies upon three assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant argues here that the trial judge erred in refusing to grant his motion for a new trial on the ground that the verdict against him was contrary to the law and the evidence. More specifically, defendant alleges that ". . . no evidence was elicited to prove an essential element of . . . possession of marijuana, to-wit: knowingly and intentionally to possess." The other two grounds asserted in his motion for a new trial are disposed of in Assignments of Error Nos. 2 and 3.
Defendant was charged with violation of La.R.S. 40:966(C), which declares it unlawful". . . for any person Knowingly or intentionally to possess a controlled dangerous substance," in this case, marijuana. (Emphasis added.)
Louisiana jurisprudence has firmly established that guilty knowledge is an essential element of the crime of possession of a controlled dangerous substance.[1] Whether the accused knew the substance was contraband is a matter of proof by direct or circumstantial evidence. However, the question of sufficiency of the evidence is a matter, not for this court, but for the trier of fact. It is only where there is no evidence at all of an essential element of the crime charged that this court may legally set aside the conviction on appeal.[2]
Applying these guidelines to the facts of the present case, we conclude that the record contains some credible evidence that the defendant had the requisite guilty knowledge. The principal witness for the prosecution, a narcotics undercover agent, testified that she attended a "pot party" at which defendant was present. Her testimony was that one hand-rolled cigarette, which she suspected to be marijuana, was being finished upon her arrival. A second one was produced and lit. She stated that this cigarette, which also appeared and smelled like marijuana, was passed to defendant, who took a "hit" (drag) off of it and passed it on to the next person. Subsequently, it was passed to her. She simulated smoking it and was able to secure a fragment of the cigarette by biting off a piece of the unlit end and secreting it in her pants cuff. After the party, she went to where she was staying, tagged the portion of the cigarette she had obtained, and placed it in a sealed envelope. The next day, she delivered it to the authorities. Laboratory analysis conclusively established that the substance contained in the portion of the cigarette secured by her was marijuana. Under strenuous cross-examination, the witness was unable to recall several incidental details of the gathering, e. g., the names of the other present, the order in which the cigarette was passed among those present, etc. However, she was steadfast in her testimony that defendant *346 was present at the party and smoked the cigarette as it was passed around.
Clearly, there is some evidence that defendant knowingly or intentionally possessed the marijuana. Hence, we are unable to say that the trial judge erred in denying defendant's motion for a new trial. Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant next complains that the trial judge erred in refusing to grant a requested continuance. The ruling of which defendant complains was made when the state crime lab expert testified that part of the cigarette paper containing the substance (which his tests conclusively established to be marijuana) appeared burnt. This contradicted the previous testimony of the undercover agent, who stated that she obtained the contraband by biting off the unlit end of the cigarette when it was passed to her at the party. Defendant then sought a continuance to have the substance reexamined by the state lab in order to establish whether the paper was burnt or not. The motion was denied.
Defendant's motion, in effect, was a request for a recess, not a continuance.[3] As with most matters relating to the conduct of a trial, the trial judge must be accorded much discretion in determining whether to grant a recess, such that the proceedings are conducted with dignity and in an orderly and expeditious manner, and justice is done.[4] Hence, the question here is whether the trial judge abused his discretion in refusing to grant the requested recess.
Defendant's motion cannot be characterized as a request for discovery;[5] defendant admits that he was accorded full pretrial inspection of the evidence. Rather, defendant's request was more accurately an attempt to impeach the testimony of the undercover agent on a collateral issue, i. e., whether or not the portion of the cigarette she secured was partially burnt. While there was a definite conflict in the testimony between the undercover agent and the lab expert on this point, the undercover agent, on being recalled to the stand, reiterated that she had bit off the unlit end of the cigarette and that the substance did not look burnt to her. Her explanation for its appearance was that, when this type of paper is used, the residue collects in the end and causes discoloration. The trial judge, in expressing his reasons for judgment, stated that the lab expert, who testified that the paper appeared burnt to him, admitted that he did not analyze the paper, as his only function was to determine the presence of marijuana. His observation as to the burnt condition of the paper was made for the first time from the witness stand. After considering the testimony of the witnesses and observing the condition of the paper, the trial judge concluded that it was not burnt. Clearly, the conflicting testimony as to this collateral fact went to the weight of the evidence, and the trial judge was able to resolve this conflict without resort to further evidence.
Considering these circumstances, we cannot say that the trial judge abused his discretion in refusing to delay the trial for further inspection of the contraband by the state crime lab to make a scientific determination as to whether the fragment was, in fact, partially burnt. Accordingly, this assignment of error is without merit.

*347 ASSIGNMENT OF ERROR No. 3
Defendant's final complaint is that the trial judge erred in admitting into evidence the marijuana cigarette butt procured by the undercover agent at the scene of the crime. Defendant argues that the state failed to establish a sufficient chain of custody of the evidence between the time it was obtained by the agent and the time of trial.
The evidence establishes that, when the agent obtained the cigarette butt, she secreted it in her pants cuff until after the party, at which time she placed it in a sealed envelope. She then gave the envelope to her immediate supervisor, who locked it in an evidence locker to which he had sole access. The evidence was later removed from the locker and transported directly to the state crime lab in Baton Rouge, where a lab receipt was issued. The envelope was marked by lab personnel for identification and placed in a locked evidence bin. It was removed for testing and returned upon the completion of tests. It remained there until its production in court by the person from the crime lab who had performed the analysis of the substance.
It is well settled that
[t]o admit demonstrative evidence at a trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it is offered in evidence.
The law does not require that the evidence as to custody eliminate all possibility that the object has been altered. For admission, it suffices if the custodial evidence establishes that it is more probable than not that the object is the one connected with the case. A preponderance of the evidence is sufficient.[6]
Considered in light of these principles, the testimony of the chain of custody amply satisfies the more-probable-than-not test. Hence, the contraband was properly admitted into evidence. Accordingly, this assignment of error is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
DIXON and CALOGERO, JJ., dissented.
NOTES
[1] E. g., State v. Knight, 298 So.2d 726 (La. 1974); State v. Porter, 296 So.2d 302 (La. 1974); State v. Smith, 257 La. 896, 244 So. 2d 824 (1971); State v. Kreller, 255 La. 982, 233 So.2d 906 (1970); State v. Williams, 250 La. 64, 193 So.2d 787 (1967).
[2] E.g., State v. Knight, 298 So.2d 726 (La. 1974).
[3] continuance is the postponement of a scheduled trial or hearing, and shall not be granted after the trial or hearing has commenced. A recess is a temporary adjournment of a trial or hearing that occurs after a trial or hearing has commenced.
La.Code Crim.P. art. 708 (1966).
[4] Id. art. 17; see State v. Richmond, 284 So. 2d 317 (La.1973).
[5] See, e.g., State v. Migliore, 261 La. 722, 260 So.2d 682 (1972). For a discussion of pretrial discovery in Louisiana see 47 Tul.L.Rev. 913 (1973).
[6] State v. Dotson, 260 La. 471, 512, 256 So.2d 594, 608 (1971).