PER CURIAM.
The defendant pled guilty to the charge of possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:967 A(l), while reserving his right to appeal from the trial court’s adverse ruling previously rendered on his motion to suppress. He was sentenced to three years at hard labor, the execution of that sentence was suspended, and he was placed on five years supervised probation. As special conditions of his probation, the defendant was required to serve one year at the Ouachita Area Multi-Parish Prison, complying with all rules and regulations of that facility during his stay, to submit to drug screenings at intervals to be specified by his probation officer, and to enroll in a substance abuse program either while incarcerated, if possible, or, if not, upon his discharge from the Ouachita facility. After sentencing the defendant filed a motion for an appeal “... to appeal the denial by the trial court of his Motion to Suppress ... and to review his sentence. ... ” An appeal was granted.
The defendant perfected no assignments of error and no brief has been filed on behalf of the defendant. Even if the grounds stated in the motion for appeal were to be considered as assignments of error, they were not briefed or argued in this court and are considered abandoned. State v. Domingue, 298 So.2d 723 (La.1974); State v. Williams, 338 So.2d 672 (La.1976).
Consequently, this court’s review of this case is confined to an examination of the pleadings and proceedings for discoverable errors. LSA-C.Cr.P. Art. 920(2); State v. Oliveaux, 312 So.2d 337 (La.1975). Our examination of the record for discoverable errors in accordance with the considerations expressed in State v. Oliveaux, supra, reveals none. In particular, given the date of the commission of this offense, the bill of information filed in this case properly charges the defendant with an offense involving a Schedule II controlled dangerous substance. See Acts 1978, No. 725, §§ 2 and 3 and Acts 1981, No. 800, §§ 1 and 4, effective August 2, 1981. The defendant was afforded a full hearing on his motion to *828 suppress. The court minutes reflect that the defendant was present in open court for arraignment and pled guilty after being properly “Boykinized.” A transcript of the sentencing hearing discloses full compliance by the trial court with LSA-C.Cr.P. Art. 894.1.
The defendant’s conviction and sentence are affirmed.
Affirmed.