494 So.2d 1321 (1986)
STATE of Louisiana, Appellee,
v.
Walter HOBDY, Appellant.
No. 18037-KA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1986.
Rehearing Denied October 23, 1986.
*1323 James H. Carter, Jr., and Richard Hiller, Asst. Indigent Defenders, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Richard L. Carney and Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before JASPER E. JONES, FRED W. JONES, Jr. and LINDSAY, JJ.
JASPER E. JONES, Judge.
The defendant, Walter Hobdy, a/k/a Walter Lebeau, a/k/a Kareem, was charged by bill of information with distribution of cocaine in violation of LSA-R.S. 40:967. A jury found defendant guilty as charged and he was sentenced, as a second felony offender, to serve eighteen years at hard labor. Defendant appeals his conviction and sentence relying upon six assignments of error.[1] We affirm.
Facts
On November 2, 1984, Louisiana State Trooper Henry Whitehorn, working in an undercover capacity, contacted Frank Stewart by telephone. Officer Whitehorn informed Stewart he was interested in purchasing one-eighth of an ounce of cocaine. Stewart arranged to meet Whitehorn at Tops Pizza, one of two businesses owned by Stewart and located at 1554 Garden Street in Shreveport, Louisiana. Whitehorn proceeded to Tops Pizza followed by Officer Ballance and Officer Tarver who were to conduct surveillance for security purposes. Whitehorn arrived shortly before Stewart and observed Stewart and defendant arrive in Stewart's car. Officer Whitehorn, Stewart and defendant entered the building and proceeded into Stewart's office.
After they arrived in the office Stewart whispered something to defendant who then took several packets containing white powder out of his shirt pocket and handed them to Stewart. Defendant then left the office. Whitehorn gave Stewart $350.00 for one packet of the white powder, which was later tested by the Northwest Louisiana Criminalistic Laboratory and determined to contain cocaine. Defendant was subsequently arrested and charged with distribution of cocaine.

Assignment of Error No. 1
Defendant contends the trial judge erred by refusing to grant a mistrial when Officer Ballance, while being cross-examined by defense counsel, allegedly referred to other crimes committed by defendant. Defendant contends the trial judge's failure to grant a mistrial or admonish the jury to disregard the reference to other crimes prevented him from receiving a fair trial.
The record reflects the alleged reference to other crimes occurred while defense counsel was questioning Officer Ballance about the failure of Officer Whitehorn to use a body bug listening device when he purchased cocaine from Stewart and the defendant. The following exchange took place:
"A. It could have been used for that purpose, but the main purpose for it, to secure the safety of the officer on the inside.
Q. Especially in a situation like this, where you have one car outside and a man inside and you don't know what in the world is going on in there.

*1324 A. That's correct. But this was not the initial contact with these subjects, and we felt that there was not much danger in anything like that happening."
Defendant contends this last answer was an unresponsive reference to other crimes and a mistrial was the proper remedy.
A direct or indirect reference to another crime committed or alleged to have been committed by defendant, as to which evidence would not be admissible, made within the hearing of the jury by the judge, district attorney or a court official, during trial or in argument, would require a mistrial on motion of defendant. LSA-C.Cr.P. art. 770. A police officer is not a "court official," therefore art. 770 does not apply. Rather, LSA-C.Cr.P. art. 771 applies. State v. Carter, 412 So.2d 540 (La.1982); State v. Manuel, 408 So.2d 1235 (La.1982).
LSA-C.Cr.P. art. 771 provides in pertinent part:
"In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
. . . . .
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial."
A reference by a police officer to prior contact with a defendant is not a reference to other crimes allegedly committed by the defendant. State v. Washington, 430 So.2d 641 (La.1983); State v. Overton, 337 So.2d 1058 (La.1976); State v. Taylor, 430 So.2d 686 (La.App. 2d Cir. 1983), writ den., 438 So.2d 575 (La.1983).
In the instant case, the reference by Officer Ballance to prior contact with defendant and Stewart was not a reference to other crimes committed by defendant. Ballance's answer was responsive to the question and the trial judge correctly denied defendant's motion for a mistrial. In addition, the trial judge did not err in failing to admonish the jury to disregard the alleged reference to other crimes because defendant failed to request an admonition.
This assignment lacks merit.

Assignment of Error No. 3
By this assignment, defendant contends the trial court erred in refusing to grant a recess in order to locate the attorney of a defense witness. Defendant contends the trial judge was dictating the order in which he presented his defense contrary to LSA-C.Cr.P. art. 773.[2]
The record reflects defense counsel sought to call as a witness Frank Stewart, who was to be tried separately from defendant, to testify, however, his attorney was not present and could not be reached by telephone. Defense counsel moved to recess the trial until the next morning in an effort to procure the presence of Stewart's attorney. The trial judge denied the motion for a recess and ordered defense counsel to call his next witness.
Defendant argues it was important to call Stewart before he called his other witnesses because Stewart's testimony would lay a foundation for the testimony of the other witnesses. Defendant contends the *1325 trial judge prevented him from presenting his best defense.
LSA-C.Cr.P. art. 708 provides:
"A continuance is the postponement of a scheduled trial or hearing, and shall not be granted after the trial or hearing has commenced. A recess is a temporary adjournment of a trial or hearing that occurs after a trial or hearing has commenced."
A motion for a recess is governed by the same standards as a motion for a continuance. State v. Warren, 437 So.2d 836 (La.1983). The trial judge's ruling on a motion for a recess will not be reversed absent an abuse of discretion. State v. Jones, 412 So.2d 1051 (La.1982); State v. Humphrey, 319 So.2d 344 (La.1975). To be entitled to a recess or continuance in order to secure the presence of a witness, a defendant must show, among other things, he used due dilligence in an effort to procure attendance of the witness. LSA-C.Cr.P. art. 709;[3]State v. Warren, supra.
In the instant case, Stewart testified defendant was an employee of his and he loaned his leather jacket to defendant on two occasions. One of the witnesses defense counsel sought to call prior to Stewart testified that a leather jacket, which was introduced into evidence, belonged to Mr. Stewart. The other witness, defendant's mother, testified defendant only wore blue jeans and sport shirts and the leather coat did not belong to her son.
We fail to see how Mr. Stewart's testimony would lay a foundation for the testimony of the other witnesses. The evidence regarding the jacket, regardless of the order in which it may have been presented, provide no basis to aid the defendant's defense. Defense counsel was attempting to show defendant was wearing Stewart's leather jacket when the defendant transferred the cocaine to Stewart and the cocaine came from Stewart's jacket and, therefore, defendant did not know the substance was cocaine. Mr. Stewart testified he could not remember the dates defendant wore his jacket and Officer Whitehorn testified defendant was wearing a sweater on the day of the drug transaction. Further, defendant failed to subpoena Mr. Stewart's attorney. The trial judge did not prevent defendant from presenting his evidence in the order preferred by him, defendant's failure to subpoena Stewart's attorney prevented him from calling Stewart first. The trial judge did not abuse his discretion in denying defendant's motion for a recess.
This assignment lacks merit.

Assignment of Error No. 4
By this assignment, defendant contends the trial court erred in denying his motion for new trial. Defendant argues any one of the grounds enumerated in his motion for a new trial should have been sufficient to grant a new trial and, alternatively, their cumulative effect provided a sufficient basis for granting a new trial. Defendant specifically contends the evidence was insufficient to prove he knew the substance he gave to Stewart was cocaine. Additionally, defendant contends the trial court should have granted a new trial because the state failed to furnish him information concerning the prior criminal conduct of Officer Whitehorn, the state's primary witness.
With the exception of the above two grounds for a new trial, defendant has neither briefed nor argued the other grounds contained in his motion for new trial and they are, therefore, considered abandoned. State v. Foy, supra; State v. Dilley, supra.
LSA-C.Cr.P. art. 851 provides in pertinent part:

*1326 "The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence;
. . . . .
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;
. . . . .
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right."
The ruling on a motion for new trial is committed to the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of that discretion. State v. Quebedeaux, 424 So.2d 1009 (La. 1982); State v. Fuller, 414 So.2d 306 (La. 1982).
The constitutional standard of review for the sufficiency of evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The statutory rule as to circumstantial evidence is assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. LSA-R.S. 15:438.
The crime of distribution is the knowing or intentional distribution of a controlled dangerous substance. LSA-R.S. 40:967(A)(1). "Distribution" is broadly defined as "delivery" or "physical transfer." LSA-R.S. 40:961(13), (9). In addition to delivery, the state must show defendant must have known or had "guilty knowledge" of the contents of the packages when he transferred them. State v. Goiner, 410 So.2d 1085 (La.1982); State v. Knight, 298 So.2d 726 (La.1974).
The knowledge element of the crime of distribution of a controlled dangerous substance is analogous to the knowledge element of the crime of possession of a controlled dangerous substance. Knowledge and intent are usually inferred from the factual circumstances and need not be proved as facts. LSA-R.S. 15:445; State v. Knight, supra; State v. Abram, 465 So.2d 800 (La.App. 2d Cir.1985), writ den., 469 So.2d 983 (La.1985). Where the knowledge element is to be inferred from circumstantial evidence, the particular circumstances must exclude every reasonable hypothesis of innocence even though the hypothesis of guilty knowledge is also reasonable. LSA-R.S. 15:438; State v. Captville, 448 So.2d 676 (La.1984). The state's burden remains proof beyond a reasonable doubt, even in circumstantial evidence cases. LSA-R.S. 15:271, 438; Jackson v. Virginia, supra; State v. Captville, supra; State v. McFadden, 476 So.2d 413 (La.App. 2d 1985), writ den., 480 So.2d 739 (La.1986).
In the instant case the state's evidence of defendant's knowledge at the time he transferred the packets to Stewart is limited to Whitehorn's observation of defendant and Stewart arriving in the same vehicle at Tops Pizza where the drug transaction was to take place and defendant reaching into his shirt pocket and delivering several packets of cocaine to Stewart.
Defendant's hypothesis of innocence is that he was wearing Mr. Stewart's jacket when this transaction took place and he was giving Mr. Stewart the packets upon Stewart's request without knowledge of their contents because the packets came from Mr. Stewart's coat which the defendant had borrowed from Mr. Stewart.
*1327 Officer Whitehorn testified defendant was wearing a sweater when the drug transaction took place and he reached into his shirt pocket and handed Stewart several clear packets of white powder. Mr. Stewart testified he loaned his jacket to defendant on two occasions, but could not recall the specific dates. Mr. Stewart was unable to testify he loaned the coat to the defendant on or about the date the drug transaction occurred.
Viewing this evidence in the light most favorable to the prosecution, we conclude defendant's contention that he was wearing Mr. Stewart's jacket and, therefore, was unaware of the contents of the packets is unreasonable under the proven facts and could not form the basis of a reasonable hypothesis of innocence. We conclude that viewing the direct evidence and the circumstantial evidence in the light most favorable to the State, any rational jury could have found the defendant had knowledge of the contents of the packet he handed Mr. Stewart. The trial court was correct in denying defendant's motion for new trial on this ground.
Defendant next contends his motion for new trial should have been granted because the state failed to furnish him information concerning the prior criminal conduct of Officer Whitehorn, the state's primary witness. The defendant contends he first became aware of Whitehorn's criminal conduct after conviction.
When a motion for a new trial is based upon newly discovered evidence, the defendant must show the evidence could not have been discovered before or during trial through the exercise of reasonable diligence. LSA-C.Cr.P. art. 851(3); State v. Quebedeaux, supra; State v. Fuller, supra. The state is obligated to respond to a specific request by the defendant for prior arrest and conviction records of the state's witnesses by stating whether it has knowledge or possession of such records and if so, then furnishing them to defense or submitting them to the court for a determination of entitlement. State v. Washington, 407 So.2d 1138 (La.1981); State v. Harvey, 358 So.2d 1224 (La.1978).
In the instant case, defendant failed to specifically request the arrest and conviction records of the state's witnesses. The trial judge was correct in denying defendant's motion for new trial on this ground.
This assignment lacks merit.

Assignment of Error No. 5
By this assignment, defendant contends the trial court erred in refusing to give the jury the following two specially requested instructions:
REQUESTED JURY CHARGE NO. 2
"In order to be guilty of distribution or possession of a controlled dangerous substance, the State must prove beyond a reasonable doubt that at the instant of a distribution or possession of a controlled dangerous substance the defendant knew the substance was a controlled dangerous substance."
REQUESTED JURY CHARGE NO. 3
"In order to be guilty of being a principal to a distribution of a controlled dangerous substance, the State must prove beyond a reasonable doubt that at the instant of defendant's aiding and abetting, the defendant knew he was aiding and abetting a distribution of a substance which he knew to be a controlled dangerous substance."
Defendant contends these charges were not covered by the court's general charge and failure to give them constituted reversible error.
LSA-C.Cr.P. art. 807 provides in pertinent part:
"A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given."
*1328 A requested special charge need not be given if it is included in the general charge. State v. Smith, 414 So.2d 1237 (La.1982); State v. Pettaway, 450 So.2d 1345 (La.App. 2d Cir.1984), writ den., 456 So.2d 171 (La.1984).
The trial judge instructed the jury the state must prove beyond a reasonable doubt that at the instant of the distribution of a controlled dangerous substance, the defendant knew the substance was a controlled dangerous substance. The trial judge further instructed the jury that all persons concerned in the commission of a crime are principals and are guilty of the crime charged if, whether present or absent, they directly commit the act constituting the crime, aid and abet in its commission or directly or indirectly counsel or procure another person to commit the crime.
We conclude defendant's specially requested charges were covered by the trial court's general charge and the trial judge committed no error in refusing to give the special charges.
This assignment lacks merit.

Assignment of Error No. 6
By this assignment, defendant contends the trial court failed to fully articulate its reasons for the sentence imposed and erred by imposing an excessive sentence. Defendant argues the trial court failed to consider any mitigating circumstance in imposing sentence and improperly considered information for which there was no supporting evidence. Defendant points out the trial judge stated that serious harm could have been caused to someone in the general public by reason of defendant's dope peddling activities. Defendant contends there was no evidence in the record to support the allegation that he was involved in dope peddling activities. Additionally, defendant argues his connection with this incident was tenuous and the real culprit was Frank Stewart.
The sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ den., 439 So.2d 1074 (1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir. 1983); State v. Square, 433 So.2d 104 (La. 1983).
A sentence is constitutionally excessive in violation of Louisiana Constitution of 1974 Art. 1, § 20 if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La. App. 2d Cir.1983), writ den., 438 So.2d 1112 (1983).
The sentencing guidelines of LSA-C.Cr.P. art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ den., 435 So.2d 438 (1983); State v. Sepulvado, 367 So.2d 762 (La.1979). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, supra; State v. Smith, 433 So.2d 688 (La.1983).
After trial, the district attorney filed a bill of information charging defendant as a second felony offender. After a hearing, defendant was adjudicated a second felony offender.
The trial judge sentenced defendant to serve eighteen years at hard labor. The trial judge noted defendant was ineligible for a suspended sentence due to his prior felony conviction and defendant was in need of correctional treatment which could only be provided by committing him to an institution and any lesser sentence would deprecate the seriousness of the instant offense. Though defendant's conduct did not cause or threaten serious direct harm because he was dealing with a narcotics *1329 agent when the crime was committed, the trial judge noted that serious harm could have been caused to someone in the general public by reason of defendant's dope peddling activities. This conclusion is supported by the fact that the defendant delivered several packets to Mr. Stewart, only one of which was sold to the police officer. The trial judge felt defendant should have contemplated his conduct could have caused or threatened serious harm, the defendant did not act under strong provocation and there were no grounds tending to justify his conduct. The trial judge observed defendant's criminal conduct was the result of circumstances likely to recur because defendant was previously convicted of distribution of marijuana. Finally, the trial judge noted defendant's character and attitude indicated he was likely to commit another crime.
As a second felony offender, defendant was subject to a term of imprisonment of not less than ten or more than sixty years at hard labor. LSA-R.S. 40:967(B)(1); LSA-R.S. 15:529.1.
We conclude the trial judge's compliance with the LSA-C.Cr.P. art. 894.1 guidelines was minimal, but adequate. The trial judge stated defendant was ineligible for a suspended sentence due to his prior felony conviction. The trial judge felt defendant was in need of correctional treatment which could best be provided by committment to an institution and any lesser sentence would deprecate the seriousness of the offense. While the trial judge did not state the factual basis for these considerations, the record reveals defendant's prior felony conviction was for distribution of marijuana for which he received one year at hard labor which was suspended and he was placed on probation for three years. This sentence was not severe enough to deter the defendant from again committing a serious crime. This fact, and the lengthy sentence imposed, supports the trial judge's determination that defendant's character and attitude indicate he is likely to commit another crime. In mitigation, the trial judge noted defendant's conduct neither caused nor threatened serious harm because he was dealing with a narcotics agent. The trial judge further noted defendant did not act under strong provocation and there were no grounds tending to justify his conduct. The trial judge did not order a presentence report and he failed to articulate any factors bearing on defendant's personal history. Defendant received less than one-third of the maximum sentence. His prior similar criminal conduct provided a sufficient factual basis for the sentence imposed.
This assignment lacks merit.
For the foregoing reasons, defendant's conviction and sentence are AFFIRMED.
AFFIRMED.
NOTES
[1] Except as indirectly included in Assignment of Error No. 1, Assignment of Error No. 2 was neither briefed nor argued and is, therefore, considered abandoned. State v. Foy, 439 So.2d 433 (La.1983); State v. Dilley, 440 So.2d 826 (La.App. 2d Cir.1983).
[2] LSA-C.Cr.P. art. 773 provides:

"Neither the state nor the defendant can be controlled by the court as to the order in which evidence shall be adduced; but when the evidence requires a foundation for its admission, the foundation must be laid before the evidence is admissible."
[3] LSA-C.Cr.P. art. 709 provides:

"A motion for a continuance based upon the absence of a witness must state:
(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendance of the witness."