LINDSAY, Judge.
The defendant, Jones Edward Wright, entered pleas of guilty to one count of possession of cocaine and one count of distribution of cocaine, a Schedule II controlled dangerous substance. On the charge of possession of cocaine, the defendant was sentenced to serve tvo and one-half years at hard labor. He was sentenced to serve fifteen years at hard labor on the charge of distribution of cocaine, with the sentences to run concurrently. The defendant has appealed his sentences as excessive. We affirm.
FACTS
On December 13, 1985, the defendant and an accomplice sold one-quarter ounce of cocaine to an undercover agent. On January 24, 1986, the defendant and an accomplice sold two ounces of cocaine to a law enforcement officer for $4,750. These events resulted in several charges against the defendant and following his arrest, a preliminary examination was held. At the preliminary examination, probable cause was found to charge the defendant with three counts of distribution of cocaine in contravention of LSA-R.S. 40:967.
*479 The defendant entered into a plea agreement with the state, whereby the defendant was allowed to plead guilty to one count of possession of cocaine and one count of distribution of cocaine. As stated above, the trial court sentenced the defendant to serve two and one-half years at hard labor on the charge of possession and fifteen years at hard labor on the charge of distribution. The sentences are to run concurrently. The defendant has appealed, claiming the sentences imposed by the trial court were excessive and that the trial court merely “paid lip service” to the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1. We find the defendant’s argument to be meritless.
EXCESSIVE SENTENCE
In determining whether a sentence is excessive, the test imposed by the reviewing court is two-pronged. First, the record must show that the trial court took cognizance of the factors set forth in LSA-C. Cr.P. Art. 894.1 which enumerates criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Hammonds, 434 So.2d 452 (La.App.2d Cir.1983), writ denied 439 So.2d 1074 (La.1983); State v. Tully, 430 So.2d 124 (La. App. 2d Cir.1983), writ denied 435 So.2d 438 (La.1983).
While the trial court need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that the court adequately considered those guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied 438 So.2d 1112 (La.1983).
After determining whether the provisions of LSA-C.Cr.P. Art. 894.1 have been complied with by the trial court, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant.
The sentencing court is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing court. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, supra; State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983).
A sentence is unconstitutionally excessive in violation of La. Const. 1974 Art. 1, § 20 if the sentence is grossly-out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied 435 So.2d 433 (La.1983).
In selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions, but may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied 452 So.2d 695 (La.1984). As a general rule, maximum or near maximum sentences are to be reserved for the worst offenders and the worst offenses. State v. Lathers, 444 So.2d 96 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983); State v. Williams, 454 So.2d 1287 (La.App. 2d Cir.1984). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the benefit received by a plea bargain agreement and the attendant reduction in potential exposure to criminal penalty is a proper sentencing consideration. State v. Griffin, 455 So.2d 681 (La.App. 2d Cir.1984), writ denied 458 So.2d 128 (La.1984); State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984). State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985).
A trial court is not required to render a suspended sentence or probation on a first felony offense, but may consider all factors and evidence which are deemed im *480 portant to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. Tully, supra.
In the instant case, the record shows that the trial court adequately complied with the sentencing provisions of LSA-C.Cr.P. Art. 894.1. As mitigating factors, the court considered that the defendant was employed as a helper to a diesel mechanic in Dallas, Texas and noted that there was some indication that the defendant owned a business known as West Side Foods Company. The court also observed that the defendant is married and has four children and considered the hardship on the defendant’s family which would result from his incarceration. The court stated that since these sales of cocaine were made to narcotics agents, there was no victim of these offenses. The court also noted that although the defendant had some previous criminal involvement, he is a first felony offender.
As aggravating circumstances, the court noted that the defendant was more directly involved in these sales of cocaine than was his accomplice. The court also noted that the defendant had two prior arrests in Texas for aggravated robbery and for aggravated assault. The defendant also has a conviction in Texas for carrying an unauthorized concealed weapon.
The trial court noted that there was no justification for the commission of the present offenses. Additionally, the defendant was afforded considerable leniency under the plea agreement with the state. Although the bills of information are not included in the record, it appears that the trial court originally found probable cause for three counts of distribution of cocaine, violations of LSA-R.S. 40:967, which carries a statutory minimum penalty of imprisonment at hard labor for not less than five years nor more than thirty years for each count. In addition, the sentencing court has the option of imposing a fine of up to $15,000 for each count. Under the plea agreement, the defendant was allowed to plead guilty to only one count of distribution of cocaine and on another count, to plead guilty to possession of cocaine, the latter charge carrying a maximum penalty of imprisonment, with or without hard labor, for not more than five years and an additional optional fine of up to $5,000. Therefore, under the terms of the plea agreement, the defendant’s maximum exposure to fines and to imprisonment for these offenses was greatly reduced.
The court stated for the record that the defendant would not be given a suspended sentence in this case due to the seriousness of the offense and the undue risk that the defendant would commit another crime. The court found the defendant should have contemplated the potential harm caused by his crime and found the defendant to be in need of correctional treatment best provided by a custodial environment. In addition, the court found that a lesser sentence than that actually imposed would deprecate the seriousness of the offense.
Under the facts as articulated in this record, the trial court adequately complied with LSA-C.Cr.P. Art. 894.1.
Also, the trial court did not impose upon the defendant a sentence that is unconstitutionally excessive or grossly disproportionate to the severity of the offense. The record before this court indicates that the defendant is 28 years of age and therefore not a youthful offender. He was engaged in drug dealing for profit. At the sentencing, the defendant stated that his attorney had reviewed the presentence investigation report. The defendant made no objection to the veracity of the information contained in that report and designated the report as part of the record on appeal. The presentence investigation report reveals that the defendant was engaged in bringing drugs to Louisiana from Texas for purposes of sale in this state. The investigation by the Caddo Parish Sheriff’s Department had determined that the defendant’s method of operation was well established and that the defendant had access to large quantities of controlled dangerous substances. These factors, coupled with the relatively large amounts of cocaine sold to law enforcement agents and the large amount of money paid for the drugs shows *481 that the defendant was engaged in the sale and distribution of drugs for profit on a significant scale. These factors, in conjunction with the benefit received by the defendant in his plea agreement, form an adequate basis for the sentences imposed by the trial court.
The defendant suggests that the imposition of sentence in this case is unconstitutionally excessive in light of the sentence imposed upon a second felony offender in State v. Hobdy, 494 So.2d 1321 (La.App. 2d Cir.1986). The defendant suggests that in the instant case the defendant’s first felony offender status and his family situation require a less severe sentence than the eighteen year hard labor sentence imposed upon a second felony offender in State v. Hobdy, supra. However, the facts in Hob-dy are distinguishable from the present case. In Hobdy, the defendant, convicted of selling cocaine, did not appear to be as heavily involved in drug dealing as the defendant in the present case. The amount of the drug sold in Hobdy was much less than that in the present case and the amount of money involved was smaller. As we have noted, this defendant sold cocaine on several occasions, was selling in quantity, was receiving large sums for his sales, was transporting the cocaine from out of state and had access to large quantities of controlled dangerous substances which he was selling for profit on a consistent basis. Even though the defendant in this case is a first felony offender, under these circumstances, we conclude that a reduction in the defendant’s sentence is not mandated by Hobdy.
Based upon this record, the trial court adequately complied with the provisions of LSA-C.Cr.P. Art. 894.1, rather than merely providing “lip service” to the statute as argued by the defendant. The trial court carefully considered the aggravating and mitigating circumstances in this case and due to the serious nature of these offenses and the relatively large amounts of cocaine sold, chose to impose a period of incarceration upon the defendant. The record indicates that these sentences are particularized to both the defendant and the offenses. The trial court did not abuse its discretion in the sentences imposed and the sentences are not excessive nor grossly disproportionate to the offenses nor do they represent the needless and purposeless imposition of pain and suffering.
CONCLUSION
For the reasons stated above, we affirm the sentences imposed by the trial court.
AFFIRMED.