SEXTON, Judge.
The defendant, Richard 0. Powers, a/k/a Shane, along with his brother, William S. Powers, Jr., a/k/a Cass, was charged with distribution of cocaine, in violation of LSA-R.S. 40:967. The defendant pled guilty as charged and was sentenced to 25 years imprisonment at hard labor. On appeal, the defendant’s only assignment of error is that this sentence is excessive. Finding that the sentence is excessive, we vacate it and remand for resentencing.
On January 26, 1989, pursuant to information received from a confidential informant, two undercover Shreveport police officers, together with that informant, went to a pool hall in Minden, Louisiana. One of the officers and the informant entered the pool hall and made arrangements with the defendant to purchase one ounce of cocaine for $950. The defendant left the pool hall and returned with a substance later determined to be cocaine. The officer gave the defendant $1,000 in exchange for the cocaine. The defendant, apparently functioning primarily as an intermediary, handed the money to his brother, William S. Powers, Jr., who returned $100 to the defendant. The defendant transferred $50 of that money to the police officer and kept the remaining $50.
It is well settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied, 439 So.2d 1074 (La.1983).
*625 The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Nealy, 450 So.2d 634 (La.1984); State v. Knighton, 449 So.2d 1171 (La.App. 2d Cir.1984); State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied, 438 So.2d 1112 (La.1983).
The defendant received 25 years imprisonment at hard labor, only 5 years less than the maximum he was exposed to under LSA-R.S. 40:967 B(l). The trial court specifically stated that the only reason that defendant did not receive the maximum sentence was because he had no prior felony convictions. The defendant’s only prior conviction was a misdemeanor for what the presentence investigation (PSI) labeled “assault, battery, and great bodily injury with a deadly weapon.” That offense occurred in California in 1986. The defendant pled guilty and was sentenced to 180 days in jail, a $50 fine, and placed on three years probation. The defendant was also charged with attempted murder in 1988 in California. A jury found him not guilty on that charge and deadlocked as to lesser, included offenses. A mistrial was declared and the case was later dismissed.
The defendant also has charges pending in Bossier Parish for possession of cocaine with intent to distribute, possession of more than 28 grams of cocaine, and possession of a firearm during the commission of a drug felony. During the sentencing on the instant charge, the defendant professed his innocence on these pending drug charges, which all arose out of a single incident. The defendant admitted being in possession of the firearms, claiming he collects firearms and had recently purchased those found in his possession. Nevertheless, according to the defendant’s story, there were two automobiles involved in the Bossier Parish incident, only one of which was transporting cocaine. The defendant was apparently in the automobile in which no cocaine was found and he claimed he was unaware that drugs were being transported in the second vehicle. The trial court specifically noted that it was not considering the Bossier Parish arrest as an aggravating factor, noting that the defendant would be considered innocent on that charge until proven guilty.
The trial court’s statement that the defendant would have received the maximum sentence if this were not his first felony would seem to indicate that there were no other mitigating factors in this case. However, the record disputes this. The defendant, 26 years of age, is married and has one son and one daughter. The defendant’s imprisonment would likely entail some hardship on his family. The defendant and his family own a home and live in California. The defendant is a high school graduate and has attended several semesters at a community college. The defendant is in good physical and mental health and denies drug or heavy alcohol usage. The trial court also noted that it had received many letters * on behalf of the defendant, which the trial court described as “very moving, excellent letters.” The court noted that many people think highly of the defendant.
The trial court also considered the defendant’s employment history. The defendant stated that at the time of his arrest he had been working as a foreman with a masonry company, making $2,300 per month. The PSI reflects, and the trial court informed the defendant, that the probation officer who prepared the PSI allegedly spoke with the owner of the masonry company, who denied that the defendant was a foreman, stating instead that the defendant was a laborer earning $250 per week, had only worked there for one month, and was considered a very poor worker. The defendant *626 stated that the PSI version was not true. Regarding anything not admitted by the defendant, the trial court specifically noted that, “I’ll give him the benefit of the doubt on it.” It must therefore be assumed that the trial court found the defendant was employed in a good-paying job at the time of his arrest.
Finally, although a fairly substantial amount of cocaine and money changed hands in this transaction, it could be considered a mitigating factor that this defendant was apparently not the primary drug distributor. The trial court appeared to acknowledge that the defendant’s brother was the primary drug distributor, stating, “[Yjour (the defendant’s) version of the offense basically jives with what was in the police report that on this transaction here you were somewhat of a go between.”
In the cases we have located affirming lengthy sentences for first felony offenders convicted of distributing cocaine, the defendants were involved in large-scale cocaine distribution.
In State v. Bonanno, 384 So.2d 355 (La.1980), a 21-year hard labor sentence was affirmed for a defendant convicted of distribution of a pound of cocaine. There was evidence, primarily from statements made by the defendant to undercover narcotics agents, that the defendant, although he had no prior criminal history of any kind, generally dealt in kilograms of cocaine, delivering cocaine to various cities throughout the United States, and had plans to establish a distribution outlet in Shreveport. The extent of the defendant’s involvement in cocaine distribution was reinforced by the size of the transaction forming the basis for the defendant’s conviction; that distribution involved one pound of cocaine with a purported wholesale value of $22,000.
In State v. Wright, 513 So.2d 477 (La.App. 2d Cir.1987), this court affirmed concurrent, hard labor sentences of 15 years for distribution of cocaine and two and a half years for possession of cocaine. The defendant, a first felony offender, was engaged in transporting cocaine into Louisiana from Texas and was involved in selling drugs for profit on what was termed a “significant scale.” The defendant had also received the benefit of a favorable plea agreement, having been originally charged with three counts of distribution of cocaine involving sales of some two and a quarter ounces of cocaine. One of the distributions involved a sale of two ounces of cocaine for $4,750.
On the instant record it does not appear this defendant can be said to be a large-scale cocaine distributor in the same category as the defendants in Bonanno and Wright. Of course, appellate decisions affirming district court sentences render considerably less guidance than do reversals. We thus note other reported cases which have reversed even less severe sentences for first felony offenders convicted of cocaine distribution.
In State v. Gordon, 444 So.2d 1188 (La.1984), the defendant pled guilty to two counts of distribution of cocaine and one count of conspiracy to distribute cocaine; one remaining count of distribution of cocaine was dismissed. The defendant was sentenced to 20 years and 5 years on the distribution counts and 2 years on the conspiracy count, all to be served concurrently. The sentences were suspended and the defendant placed on probation. After the defendant’s probation was revoked for his failure to successfully complete a drug treatment program, a special condition of his probation, he was granted an out-of-time appeal to challenge the sentence imposed. The Louisiana Supreme Court found the sentence to be excessive. The defendant was 29 years old, he had two children, although he was legally separated from his wife. The defendant had earned two bachelor of science degrees and had a stable employment history and an honorable military record. The defendant had only a prior misdemeanor conviction for disturbing the peace. The court found no evidence that the defendant was a large-scale distributor, although he had sold four ounces of cocaine for $9,600 on two occasions, six weeks apart.
In State v. Tilley, 400 So.2d 1363 (La.1981), following a jury trial, the defendant *627 was convicted of distribution of cocaine and sentenced to 21 years at hard labor and ordered to pay a fine of $10,000. An undercover law enforcement official had purchased cocaine from the defendant. The defendant had a small bottle containing approximately 30 foil packets of cocaine; the agent paid $60 for six of the packets. The defendant told the officer that he was out of another controlled dangerous substance, Dilaudid. Prior to the commission of the instant offense, the 18-year-old defendant had only two speeding tickets and a DWI conviction on his record. Since the commission of the crime, the defendant’s criminal activity was more extensive. Between the date of the offense and the date of sentencing, the defendant had another DWI conviction (with a DWI-third charge outstanding), convictions for driving under suspension and contributing to the delinquency of a juvenile. He also had been sentenced to five years at hard labor to be served concurrently with the instant sentence on a reduced charge of conspiracy to distribute Doriden, a Schedule III CDS. The defendant also had an outstanding possession of marijuana charge. Nevertheless, the supreme court found that any sentence over ten years would be constitutionally excessive. The court noted that the defendant sold a very small quantity of cocaine, had a steady employment record and, although he had dropped out of high school in the tenth grade, had plans to obtain a GED.
Finally, in State v. Strickland, 486 So.2d 1015 (La.App. 2d Cir.1986), this court considered a sentence of 20 years at hard labor for a defendant who pled guilty to possession of cocaine with intent to distribute. The defendant had been arrested and originally charged with distribution of small amounts of cocaine to undercover officers twice within a week, once in Richland Parish and once in Franklin Parish. The offense at issue on appeal, the Franklin Parish conviction, involved the sale of two grams of cocaine for $250. This court reversed the sentence, citing the defendant’s young age, 21 at the time of the offense, the fact that the defendant was then eight months pregnant and therefore unable to work, and the defendant’s previous employment record, which showed she had worked since age 13 to help provide for her ill mother who had died during the year this offense was committed. The defendant also had no prior criminal record, nor was she involved in any criminal incidents during the almost two years she spent out on bail for the offense at issue. This court also found no indication that the defendant had been or had intentions of becoming a large-scale drug dealer.
In light of the guidance provided by the aforementioned jurisprudence, the defendant’s apparently stable personal and employment history, the fact that the defendant has no prior drug arrests or convictions, and the absence of an indication that the defendant was involved in large-scale drug distribution, we find that on this record the 25-year hard labor sentence imposed upon this first felony offender is an abuse of the trial court’s discretion and therefore excessive. Accordingly, the sentence is vacated, and the case is remanded to the trial court for resentencing.
SENTENCE VACATED AND REMANDED FOR RESENTENCING.
APPLICATION FOR REHEARING
Before MARVIN, FRED W. JONES, SEXTON, NORRIS and LOWE, JJ.
Rehearing denied.

These letters were not made a part of the appellate record.